Edward Aaron MAYS

v.

MANSAVER INDUSTRIES, INC., et al.

Civ. A. No. 29115.

United States District Court
E. D. Pennsylvania.

Aug. 4, 1961.

Dorfman, Pechner, Sacks & Dorfman, by Harry Lore, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for Mansaver Industries, Inc.

WOOD, District Judge.

The defendant, Mansaver Industries, Inc., has moved to dismiss the plaintiff's complaint on the ground that it has not been validly served with process and that the Court has no jurisdiction over the person of the defendant.

The defendant is a corporation organized under the laws of the State of Connecticut, with its principal place of business in New Haven, Connecticut. The defendant's business consists of the marketing of certain "grab" devices used in industry to transport heavy objects, such as large rolls of paper. The actual grabs are manufactured by a partnership known as Mansaver Industries.

Service of process on the defendant was made by serving the Secretary of the Commonwealth of Pennsylvania pursuant to Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.,[1] and pursuant to Section 1011 of the Pennsylvania Business Corporation Code (15 Purdon's Stat. § 2852–1011). That section provides in pertinent part as follows:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising out of acts or omissions of such corporation within this Commonwealth. * * *"

"C. For the purpose of this section, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.'"

The defendant asserts that it has never "entered" this Commonwealth, nor done any "series of similar acts" or even "a single act with the intention of initiating a series of such acts" within the meaning of the Corporation Code. Therefore, argues defendant, it has not done any business in Pennsylvania and is not subject to suit here. It is necessary to state briefly the contacts which the defendant has with the Commonwealth of Pennsylvania in order to pass upon this contention.

It is clear that the defendant has no office, property, bank accounts, or employees located within the Commonwealth of Pennsylvania. It does, however, earn approximately $20,000 in this State per year by means of the sale of the grabs to various industries located in Pennsylvania. This business is obtained, however, *not* by agents of the defendant, but rather by independent contractors— "commission representatives"—located in this State. There are approximately between twelve and fifteen such representatives in Pennsylvania. They are either individuals or companies whose business consists of visiting industrial establishments for the purpose of estimating the need in such establishments for the products of companies represented by these commission representatives. Each such commission representative represents several competing companies, and deals in the products of these companies. *Mansaver Industries, Inc. has no written contract with, nor any control over the operations of these commission representatives.* The plaintiff has asked us to consider the representatives as the "agents" of the defendant. We think there is absolutely no factual basis for such a finding. We hold, therefore, that the defendant, Mansaver Industries, Inc., has not "entered" the Commonwealth of

---

1. Rule 4 provides that service may be made " * * * in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Pennsylvania by virtue of the activities of its commission representatives in this State.

Occasionally, and with no degree of regularity, an employee of the defendant comes to Pennsylvania to remedy a complaint of one of its customers. Within the last five years an agent of the defendant has come to Pennsylvania approximately eight times. However, the last time any employee of the defendant was in Pennsylvania servicing a complaint was three or four years prior to November 1960—the year of the alleged accident which is the subject of this suit.

Sometimes one of the defendant's agents travels directly to a customer in order to estimate the cost and requirements of equipment manufactured by the defendant for some special use by the customer. However, customer needs are almost always evaluated by the commission representatives. It is an unusual thing for one of the defendant corporation's agents to visit a customer for this purpose.

In addition, the Assistant Sales Manager of the defendant corporation, Mr. Bertram Cole, was present at a trade convention in Pittsburgh in March of 1960, but none of the products of the defendant corporation were displayed there.

The plaintiff contends that these activities by the agents of Mansaver Industries, Inc. constitute the entry of the corporation into the Commonwealth of Pennsylvania for the doing of a series of acts—or at least for the doing of a single act—for the purpose of realizing pecuniary benefit therefrom, within the meaning of the statutory definition of "doing business." The statutory definition does not, however, include the doing of a *single* act within the Commonwealth in the definition of "doing business" unless such act is done with the intention of thereby initiating a *series* of such acts. In other words, the statute contemplates a regular course of activities carried on by a foreign corporation within Pennsylvania as "doing business." We think the isolated activities of the defendant's agents within this State are not sufficiently regular and continuous to constitute "doing business" within the meaning of the statute.[2]

---

2. The Pennsylvania Business Corporation Code, Section 1011, has been applied in only two cases to date by the Supreme Court of Pennsylvania. Those cases are Swavely v. Vandergrift, 1958, 19 Pa.Dist. & Co.R.2d 153; affirmed 1959, 397 Pa. 281, 154 A.2d 779; and Williams v. Rose, 1961, 403 Pa. 620, 170 A.2d 577. We have set forth our interpretation of the holding of the Swavely case in our Memorandum and Order filed June 7, 1961 in a companion case of Mays v. Oxford Paper Co., D.C., 195 F.Supp. 414.