**TRIANGLE PUBLICATIONS, INC.**

v.

**STANDARD PLASTIC PRODUCTS, INC.**

Civ. A. No. 37449.

United States District Court
E. D. Pennsylvania.

Feb. 26, 1965.

See also, 241 F.Supp. 613.

Harold E. Kohn, and David Marion, Philadelphia, Pa., for plaintiff.

Charles M. Allen, Philadelphia, Pa., and Mercer L. Stockell, New York City, for defendant.

VAN DUSEN, District Judge.

Defendant seeks an order dismissing the Complaint on the ground that personal jurisdiction cannot be obtained over the defendant and that writs of attachment issued in this case are ineffective.

Plaintiff has been authorized to serve process upon the defendant by serving the Secretary of the Commonwealth pursuant to F.R.Civ.P. 4(e) and 15 P.S. § 2852–1011, subd. B (see order of 2/19/65, being Document 10), and delivered on February 19 such process to the Marshal for transmission to the Secretary of the Commonwealth. Defendant does not object to the procedure followed by plaintiff in making this service and is not relying on the fact that the Complaint and Writ of Summons may not have been actually received by it from the Secretary of the Commonwealth at this time, since defendant concedes that it has received copies of pleadings and other papers in this case at its principal office in New Jersey. However, defendant does object to the effectiveness of any such service of process on the ground that it is not doing business in this Commonwealth within the meaning of the following language of 15 P.S. § 2852–1011, subd. C:

"C. For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' Added 1959, Nov. 10, P.L. 1406, § 1, as amended 1963, Aug. 13, P.L. 703, § 2."

The following contacts of the defendant within this Commonwealth require a finding that defendant is subject to the jurisdiction of this court, since it is "doing business" within the Commonwealth under the above-quoted language of 15 P.S. § 2852–1011, subd. C:

1. Mr. R. E. Robbins, Director of Sales for the Custom Industrial Division of Standard Plastic Products, Inc.[1] In this capacity, he has made the following number of visits to a total of nine customers and potential customers in Pennsylvania since 1/1/62 (N.T. 148–161):

> 1962—2 visits
> 1963—5 visits
> 1964—7 visits
> 1965—1 visit, as of 2/15/65, when this suit was instituted.

These visits resulted in the manufacture by defendant of specialty items for, and sale of such items to, Schick, Inc., of Lancaster, the Ironesse Corp. of Philadelphia, and Frank H. Fleer Corp. in Philadelphia. Mr. Robbins will continue his efforts to secure additional such business for defendant (N.T. 161).

2. Mr. L. Miller, the President of defendant, visited Schick, Inc., of Lancaster, Pa., in 1963 to discuss the possibility of making a case for them for some of their products (N.T. 48).[2]

3. Defendant has advertised the very items alleged to infringe plaintiff's trademark and otherwise alleged to invade plaintiff's rights in this suit in national publications regularly distributed in Pennsylvania (N.T. 68, 120–121, 138–9 and P–1).

4. The merchandise complained of in the Complaint has already been shipped into Pennsylvania to plaintiff's customers (N.T. 115,[3] 137).

5. Promotional and advertising literature covering the items complained of in this suit, including floor display material, counter display easels (D–9), etc., were mailed directly, and delivered by manufacturers' representatives, to customers in Pennsylvania (N.T. 77, 119, 121–123, and C–2).

6. The defendant has shipped in 1964 goods costing over a half million dollars to customers in Pennsylvania, not including those customers such as F. W. Woolworth Co., S. S. Kresge Co., Grant's, and similar chains who take deliveries of defendant's products at a point outside Pennsylvania and ship the goods directly into this Commonwealth (see D–7). In 1962, such direct shipments to non-chain store customers in Pennsylvania exceeded $236,000. and in 1963 they exceeded $487,000. (see D–7). A list of some of the customers in Pennsylvania to whom items are shipped directly appears on D–6.

---

[1] Mr. Robbins described his duties as "basically to create sales for Standard Plastic Products" (N. T. 161) and "to develop and create product packaging and premium custom items for Standard Plastic Products" (N. T. 148). He stated that he had occasion to visit persons all over the United States in order to be of service to them and to "create, develop and design a particular product to fit their needs" (N. T. 149).

[2] Defendant developed and sold to Schick, Inc. a lady's shaver case and a part for a hairdryer in 1964 (N. T. 153).

[3] This material has been delivered to F. W. Woolworth Co. and S. S. Kresge Co. at points outside of Pennsylvania and brought by them into Pennsylvania.

Without including other contacts of the defendant with Pennsylvania, the foregoing résumé is sufficient to show that defendant has entered into this Commonwealth for the doing of a series of similar acts for the purpose of realizing pecuniary benefit (see, particularly, paragraphs 1 and 2 above). See Rufo v. Bastian-Blessing Co., 405 Pa. 12, 15–18, 173 A.2d 123 (1961).

Cases such as Swavely v. Vandegrift, 397 Pa. 281, 154 A.2d 779 (1959), Namie v. DiGirolamo, 412 Pa. 589, 195 A.2d 517 (1963), and Yoffee v. Golin, 413 Pa. 154, 196 A.2d 317 (1964), are distinguishable. In the Swavely case, the company representative acted as liaison between the manufacturer and the distributor with respect to promotional material and recommended new distributors. He did not visit retailers or even solicit orders from distributors. Similarly, in the Namie case, representatives of the company came into the Commonwealth to discuss accounts and sales with the manufacturer's representative, but apparently never solicited sales directly. In the Yoffee case, no company personnel, other than the manufacturer's representative, ever entered Pennsylvania for any business purpose. The case of Mays v. Mansaver Industries, Inc., 196 F.Supp. 467 (E.D.Pa.1961), is also distinguishable in that the employee of the defendant coming into the jurisdiction only came on isolated cases to handle complaints. The visits of defendant's personnel described under 1 and 2 above were for the purpose of making sales to customers and actually resulted in sales to customers in Pennsylvania.

The undersigned recognizes that the language of the Pennsylvania cases is difficult to reconcile in this field and, in view of the following decisions relied on by defendant, the undersigned is making the certification contemplated by 28 U.S.C. § 1292(b) in the event that defendant wishes to apply for interlocutory appeal: Swavely v. Vandegrift, supra; Namie v. DiGirolamo, supra; and Yoffee v. Golin, supra.

ORDER

And now, February 26, 1965, it is ordered that:

(A) the Application to Dismiss the Complaint for the reasons stated in paragraphs (1) (a), (2) (a), (2) (c), and (4) of the Order filed February 19, 1965 (Document 8), is denied, since this court has personal jurisdiction over the defendant in this case; and

(B) the undersigned states, pursuant to 28 U.S.C. § 1292(b), that this order involves a controlling question of law as to which there is substantial ground for a difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation.