Grayce DiVECCHIO and John DiVecchio,
Plaintiffs,

v.

GIMBEL BROTHERS, a corporation,
Defendant,

v.

KYNAST COMPANY, Third-Party Defendant Additional Defendant.

Civ. A. No. 64–282.

United States District Court
W. D. Pennsylvania.
June 13, 1966.

**312**

John M. Tighe, McArdle, Harrington, Feeney & McLaughlin, Pittsburgh, Pa., for plaintiffs.

Thomas J. Reinstadtler, Jr., Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for Gimbel Bros.

David P. Truax, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Kynast Co.

## OPINION

JOHN L. MILLER, District Judge.

Plaintiff filed this action to recover from the original defendant, Gimbel Brothers, Inc., damages for injuries resulting from the improper functioning of a bicycle purchased from Gimbels. Plaintiffs alleged both negligence and breach of warranties. Jurisdiction is based on diversity of citizenship and Pennsylvania law governs.

Upon motion of the original defendant, the Court entered an order directing that Kynast Company, the West German corporation which manufactured the bicycle, be joined as a third party defendant. That joinder was never accomplished as the summons was returned unserved for lack of instructions.

Plaintiffs were granted leave to amend their complaint joining Kynast Company as an additional defendant. Kynast now moves to dismiss the action as to it for lack of jurisdiction and insufficiency of service of process. There is no dispute that Kynast is not and never has been registered to do business in Pennsylvania. Substituted service upon the Secretary of the Commonwealth was made in an effort to comply with the Pennsylvania Business Corporation Law, 15 P.S. § 2852–1011(B).[1] That service is defective, however, because plaintiffs failed to obtain the Court's authorization for it. Our disposition of the additional defendant's motion does

---

1. "Upon [a domestic or foreign corporation], it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." Rule 4(d) (7), Federal Rules of Civil Procedure.

not turn upon that deficiency in the service, however, because it can be corrected by obtaining authorization and issuing an additional summons. Dehne v. Hillman Investment Co., 110 F.2d 456 (3 Cir. 1940).

Nevertheless, because of a more fundamental deficiency in the service of process, we must grant the additional defendant's motion to dismiss. Substituted service upon the Secretary of the Commonwealth is not proper in this case because plaintiffs have failed to sustain their burden of proving that the additional defendant was doing business in Pennsylvania.[2] Because Kynast has not qualified to do business within this Commonwealth, it must be shown that it was doing business here. What constitutes "doing business" is prescribed by the Act.[3]

■ The evidence produced by the affidavit of Walter Shutte, chief of the export department of Kynast, the answers to interrogatories and the depositions clearly show that the additional defendant has not owned or leased property within the Commonwealth of Pennsylvania; has not maintained any agent, office or other place of business, either permanent or transient within Pennsylvania; has not had any agent authorized to accept service of process within the Commonwealth; has not maintained in nor sent into the Commonwealth any of its agents or employees; has not had or maintained any records, book accounts, funds, assets or telephone listings within Pennsylvania; has not made any sales within the Commonwealth of Pennsyl-

vania. The purchase of the bicycle involved in this action was made by a Gimbels buyer from Kynast and the transaction was completed in Germany. The bicycle was sold exclusively f. o. b., Bremen, Germany. Thus it is evident that the jurisdictional requirement of the Pennsylvania Business Corporation Law has not been met so as to subject Kynast to substituted service of process. Namie v. DiGirolamo, 412 Pa. 589, 195 A.2d 517 (1963); Yoffee v. Golin, 413 Pa. 154, 196 A.2d 317 (1964); Tudesco v. Publishers Co., 232 F.Supp. 638 (E.D. Pa.1964); Henderson v. New York Pressing Machinery Corp., 241 F.Supp. 425 (W.D.Pa.1965).

■ Without disputing any of the above facts, plaintiffs contend that, nevertheless, Kynast was doing business in Pennsylvania because bicycles manufactured by Kynast were shipped into Pennsylvania. To support their contention that this is a sufficient entry into Pennsylvania to subject Kynast to the jurisdiction of this Court, plaintiffs cite Triangle Publications, Inc. v. Standard Plastic Products, Inc., 241 F.Supp. 611 (E.D.Pa.1965). That case is obviously distinguishable from this one in several respects. There have been no visits by Kynast personnel to Pennsylvania; Kynast has not advertised its products in Pennsylvania; Kynast has not shipped bicycles into this Commonwealth. The bicycles purchased by the original defendant in West Germany were shipped by it to New York and from there distributed to its other stores, including the one in Pittsburgh. Any advertising of

2. The party who invokes the jurisdiction of the Federal Court has the burden of proving that the jurisdictional requirements have in fact been met. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Messick v. Southern Pa. Bus Co., 59 F.Supp. 799 (E.D.Pa.1945); Canvas Fabricators, Inc. v. William E. Hooper & Sons Co., 199 F.2d 485 (7 Cir. 1952); Russell v. New Amsterdam Casualty Co., 325 F.2d 996 (8 Cir. 1964).

3. "For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.'" 15 P.S. § 2852–1011(C).

the bicycles was done by Gimbels, which is wholly independent of Kynast.

 Plaintiff also contends that Kynast's motion to dismiss should be disregarded by the Court because Kynast has waived the defense of lack of jurisdiction over the person by appearing without raising that defense in timely fashion. Kynast was first served in this action on October 23, 1964. No pleading raising the defense was filed until the one now before the Court on December 8, 1965. Although that is beyond the twenty days contemplated by Rule 12, it can not be deemed untimely under the circumstances. Service here was invalid and did not confer upon the Court jurisdiction to adjudicate the matter as to Kynast. Kynast, therefore, was "entitled to ignore the whole proceeding and subsequently attack any default judgment which might result from it." Orange Theatre Corporation v. Rayherstz Amusement Corporation, 139 F.2d 871, 873 (3 Cir. 1944). Here, as in the Orange Theatre Corporation case, the Court could acquire jurisdiction over the defendant only if it voluntarily appeared. Likewise, failure to raise the defense of lack of jurisdiction would not be considered a waiver of that defense at any time before its voluntary appearance, nor could the twenty day period prescribed by Rule 12 commence to run prior to such an appearance.

It is plaintiff's position that Kynast appeared in this action, first, when its insurer corresponded with counsel regarding the case and, secondly, when Kynast wrote to the Clerk of this Court on December 4, 1964, to say that it had forwarded documents regarding the case to its insurer. We can not agree that either of these letters constitutes an appearance. See Anderson v. Taylorcraft, Inc., 197 F.Supp. 872 (W.D.Pa. 1961). Thus, the first appearance by Kynast in this action occurred when it filed its motion to dismiss, raising the jurisdictional issue.

Furthermore, on November 4, 1965, this Court, upon motion of counsel for plaintiff and for defendant Gimbels, entered an order continuing the pretrial conference because Kynast had not yet appeared. When plaintiff, in effect, allowed Kynast additional time to answer or otherwise plead to the complaint, plaintiff can not now be heard to object to Kynast's motion as untimely.

Because plaintiffs have failed to sustain their burden of establishing the jurisdictional requirements, the additional defendant's motion to dismiss must be granted.

An appropriate order will be entered.