Joseph J. TIERNAN, Jr. in his capacity as Administrator of the Estate of James E. Tiernan

v.

Patricia DUNN in her capacity as Administratrix of the Estate of Richard J. Dunn.

Civ. A. No. 3471.

United States District Court
D. Rhode Island.

Feb. 6, 1969.

See also D.C., 295 F.Supp. 1251, 1256.

James M. Jerue, William C. Dorgan, Providence, R. I., for plaintiff.

Joseph A. Kelly, Providence, R. I., for defendant.

## OPINION

PETTINE, District Judge.

This is a diversity action in which the plaintiff, the administrator of the estate of the decedent, James Tiernan, seeks recovery of damages for the allegedly wrongful death of the decedent. The plaintiff alleges that the plaintiff's decedent was riding in the car of the defendant's decedent and was killed in an automobile-tractor-trailer collision in Plainville, Massachusetts on April 10, 1964 due to the negligence of the defendant's decedent. The plaintiff commenced action against the defendant on March 25, 1965. The record shows that service of process was made on the defendant personally on April 7, 1965 in Attleboro, Massachusetts by the United States Marshal for the District of Massachusetts and on the defendant as administratrix of her husband's estate by service on the clerk of the Westchester Surrogate's Court in White Plains, New York by the United States Marshal for the Southern District of New York on April 8, 1965. Thereafter, on May 7, 1965, the defendant answered to counts 3 and 4 of the plaintiff's complaint and moved to dismiss counts 1 and 2. The motion to dismiss was granted and an order was entered on July 22, 1965. Because of the continued vitality of counts 3 and 4, the case has remained on the calendar, and discovery has continued to the present. Moreover, the plaintiff has filed a motion to vacate the order of dismissal of July 22, 1965, as to the first two counts because of a decision of the Rhode Island Supreme Court, recently handed down, which reverses the prior law upon which that order of dismissal was based. The defendant has now moved to dismiss this action under Fed. R.Civ.P. 12(b) (5) for lack of in personam jurisdiction and improper service of process. The defendant contends that she was never in Rhode Island but was a citizen and resident of New York at the time of the happening of the accident and a citizen and resident of Massachusetts at the time of the commencement of this action. She concludes that she never was nor could have been either personally subject to this court's jurisdiction or properly served with process within the territorial limits of this dis-

trict, as required by Fed.R.Civ.P. 4(f). Plaintiff argues that jurisdiction over the person exists under the R.I. "minimum contacts" statute, § 9–5–33 R.I.G. L.1956, as amended, which is applicable in the federal courts by operation of Fed.R.Civ.P. 4(f) & 4(d) (7), and that service was also therefore proper, and finally that, in any case, defendant has waived these defenses under Fed.R.Civ. P. 12(g) & (h).

In his argument concerning satisfaction of the minimum contacts statute the plaintiff makes reference to the allegedly numerous and various contacts of the defendant's decedent with Rhode Island as shown by certain of the answers and statements in certain of the pre-trial materials in the case. The court is not inclined at this juncture of the proceedings to maintain a factual hearing on minimum contacts; nor is it disposed to treat this motion as one for summary judgment. Instead, the court prefers to treat this motion on the basis of the waiver arguments.

■ Fed.R.Civ.P. 12(g) concerns consolidation of defenses in one motion and states in pertinent part:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted * * *.

As applied to the facts of this case, Rule 12(g) would seem to have required the defendant to have included her motions to dismiss for insufficient service of process and lack of in personam jurisdiction in her motion to dismiss for failure to state a claim. Specifically, under the second sentence of Rule 12(g) the defendant moved under Rule 12 (12(b) (6) motion to dismiss for failure to state claim) but omitted from the motion defenses then available to her (insufficient service of process; lack of in

personam jurisdiction), which defenses Rule 12 permits to be raised by motion (Rule 12(b) (2), (b) (5)). Accordingly under the latter part of the second sentence of Rule 12(g) the defendant cannot now make a motion based on the omitted defenses.

Fed.R.Civ.P. 12(h) deals with waiver and states in pertinent part:

> A defense of lack of jurisdiction over the person * * * or insufficiency of service of process is waived * * * if omitted from a motion in the circumstances described in subdivision (g) * * *.

As applied to the facts of this case, Rule 12(h) requires that the defendant's assertions of lack of in personam jurisdiction and insufficiency of service of process be deemed to have been waived, because, as previously described, those assertions were omitted when the defendant made her Rule 12(b) (6) motion.

■ This conclusion is supported by W. H. Elliott & Sons Co. v. Nuodex Products, 243 F.2d 116 (1st Cir.1957) in which the First Circuit indicated that the preservation of defenses and the avoidance of a waiver could be effectuated by joinder of all defenses in an initial motion. The clear implication of the *Elliott* case is that a failure to join all such defenses will result in a waiver. See Varone v. Varone, 392 F.2d 855 (7th Cir.1968), Bethlehem Steel Corp. v. Devers, 389 F.2d 44 (4th Cir.1968), Crest Auto Supplies, Inc. v. Eno Mfg. Co., 360 F.2d 896 (7th Cir.1966), Stavang v. American Potash & Chem. Corp., 344 F.2d 117 (5th Cir.1965). See in general, Advisory Committee's Notes to Rule 12(g), (h), 39 F.R.D. 69, 78 (1966); 2A Moore's Federal Practice 12.22 at p. 2440.

■ One final point requires some consideration. The defendant has argued in its memorandum that no waiver should be effectuated here because the certainty that the motion to dismiss for failure to state a claim would be granted was so great, as of the time of the making of that motion, that the de-

fendant felt no need to raise any other defense. Defendant argues further that the grant of the plaintiff's motion to vacate the dismissal puts the case back to the time of the dismissal, at least for the purpose of making additional defenses. Whatever may have been the defendant's reason for not raising her additional defenses on her initial motion, the fact remains that she did not do so. She could have saved all her grounds by making a consolidated motion and still have obtained the expeditious dismissal on the 12(b) (6) basis she now claims to have been seeking. To permit this defense to be raised now would undermine the very purpose of Rule 12(g), (h), which is the avoidance of time-consuming, piece-meal litigation of pre-trial motions.

Accordingly, the motion to dismiss is denied.