**Joseph ZELSON and Geraldine Zelson, his wife, Appellants,**

v.

**Harold E. THOMFORDE, individually and trading as Thomforde Orchard and Thomforde Catering Service, and Wickes Lumber Co., a Corporation of the State of Michigan, jointly, severally and in the alternative.**

**No. 17589.**

United States Court of Appeals Third Circuit.

Argued March 27, 1969.

Decided June 13, 1969.

Gerald Z. Berkowitz, Wahl, Greenstein & Berkowitz, Wilmington, Del., for appellants.

William S. Zink, Bleakly, Stockwell, Zink & McGeary, Camden, N. J., for appellee Thomforde.

Sidney P. McCord, Jr., McCord, Farrell, Eynon & Munyon, Haddonfield, N. J., for appellee Wickes Lumber Co.

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

On April 26, 1968, a complaint was filed in the United States District Court for the District of New Jersey charging the defendant-appellee Thomforde with the negligent operation of a motor vehicle resulting in damages to the plaintiffs-appellants as a consequence of an accident which occurred on March 9, 1966.[1] The jurisdiction of the court was based on diversity of citizenship.[2]

The accident occurred on the Delaware-Memorial Bridge which spans the boundary between Delaware and New Jersey. Ordinarily a complaint filed either in Delaware[3] or New Jersey[4] upon such a cause of action would be barred by a two-year statute of limitations. Believing New Jersey law to be applicable, appellants claimed relief from the New Jersey statute of limitations under N.J.S.A. 2A:14–22,[5] which tolls the statute when the cause of action is against nonresidents of the state for as long a period as the defendant is not available in New Jersey for service of process. Defendant-appellee Thomforde, joined by Wickes Lumber Co., filed a motion to dismiss, on the sole ground that the New Jersey relief statute does not accrue to the benefit of nonresidents and is therefore unavailable to appellants. The court below did not directly reach this question.

The district court determined that because the accident occurred on the Delaware-Memorial Bridge, to which Delaware presumably has title by virtue of compacts between the states of New Jersey and Delaware and other legislation, the situs of the accident was in Delaware.[6] On the basis of this determination, the court ruled, *on its own motion,* that the service of process which had been made on appellees was improper and no personal jurisdiction had been obtained over them. The court therefore dismissed the complaint, stating:

It is undisputed that the accident in question occurred on the Delaware-Memorial Bridge, on the up-ramp section of the span. And, since the bridge is entirely within the State of Delaware both as to title and by rea-

1. The other defendant-appellee, Wickes Lumber Co., was charged with the negligent loading of the Thomforde vehicle which allegedly contributed to the cause of the accident.

2. Plaintiffs are from Delaware, defendant Thomforde is from Pennsylvania, and defendant Wickes is a Michigan corporation.

3. 10 Del.C. § 8118 (1968).

4. N.J.S.A. 2A:14–2 (1952).

5. If any person against whom there is any of the causes of action specified in sections 2A:14–1 to 2A:14–5 and 2A:14–8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this state when such cause of action accrues, or removes from this state after the accrual thereof and before the expiration of the times limited in said sections, or if any corporation or corporate surety not organized under the laws of this state, against whom there is such a cause of action, is not represented in this state by any person or officer upon whom summons or other original process may be served, when such cause of action accrues or at any time before the expiration of the times so limited, the time or times during which such person or surety is not residing within this state or such corporation or corporate surety is not so represented within this state shall not be computed as part of the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation.

6. There is nothing in the record, by way of pleadings or affidavits, regarding the exact situs of the accident. Appellants challenge the validity of the lower court's conclusion on this point. As we reverse on other grounds, we need not decide at this time what consequences would flow from the fact, if adduced at trial or otherwise, that the accident occurred on the bridge, which Delaware owns, over territory of New Jersey.

son of these compacts, the purported service of process under the New Jersey "longarm" statute is invalid. See R.S. 39:7–2, N.J.S.A. which pertains to operation of motor vehicles by non-residents *within* the State of New Jersey, with provision for service of process upon the Director of Motor Vehicles. * * *

\* \* \* \* \* \*

* * * It seems that the accident having occurred within the jurisdiction of the State of Delaware and none of the litigants being resident in New Jersey, attempted service of process under the New Jersey "Long-Arm" Statute (N.J.S.A. 39:7–2) by one non-resident against another was improper. Appellants' Appendix 5a, 6a.

We reverse the dismissal of the complaint.

Jurisdictional objections which may be raised at any time by the parties, or by the court *sua sponte*, relate to subject matter jurisdiction.[7]  Louisville & N. R. R. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); Mansfield, Coldwater & Lake Michigan R'way Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884); John Birch Society v. National Broadcasting Co., 377 F.2d 194, 199 (2d Cir. 1967); Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 27 (8th Cir. 1964); McGonigle v. Baxter, 27 F.R.D. 504 (E.D.Pa.1961); 1A Barron and Holtzoff, Federal Practice and Procedure § 370, p. 509 (Wright ed. 1960).

Jurisdictional objections to the court's power over the person are waived unless timely asserted by motion or answer.[8]  In re Natta, 388 F.2d 215, 220

---

7.  Rule 12(h) (3) of the Federal Rules of Civil Procedure is as follows:
    > Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

8.  Rule 12(h) (1) of the Federal Rules of Civil Procedure provides:
    > A defense of lack of jurisdiction over the person * * * is waived (A) if omitted from a motion * * * or (B) if it is neither made by motion under this rule nor included in a responsive pleading * * *.

    In the Advisory Committee's Note to the 1966 amendment of the Rules, it is stated:
    > Amended subdivision (h) (1) (A) * * * states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process * * *. 39 F.R.D. 69, 78 (1966).
    (*See* Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543, 546 n. 5 (3d Cir. 1967); Wright, Proposed Changes in Federal Civil, Criminal, and Appellate Procedure, 35 F.R.D. 317, 334 (1964).)
    It should be emphasized that this is not a case where a defendant takes no

action whatsoever to submit himself to the jurisdiction of the court. In 1A Barron and Holtzoff, Federal Practice and Procedure § 370, p. 513 (Wright ed. 1960), it is stated:
> * * * If, however, service of process is insufficient to confer jurisdiction of the person, the defendant does not waive this defense by failing to raise it by motion or pleading within the time for answer, since the court has no power over the defendant [*cf.* Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543, 546 n. 4 (3d Cir. 1967); Di Vecchio v. Gimbel Bros., 40 F.R.D. 311, 314 (W.D.Pa.1966); In re Eizen Furs, Inc., 10 F.R.D. 137, 139 (E.D.Pa.1950)] *unless he submits to its jurisdiction by moving or pleading.* * * * (Emphasis added.)  (*See* 2A Moore's Federal Practice ¶ 12.23, p. 2327 (2d ed. 1968).)

In the instant appeal, of course, the defendants-appellants *did move to dismiss*, on the statute of limitations ground, without raising the issue of proper service of process. *Cf.* Crest Auto Supplies, Inc. v. Ero Manufacturing Co., 360 F.2d 896, 898 (7th Cir. 1966).

It should be noted that the interpretation in the first portion of the above quotation has recently been questioned on the basis of the present language of FRCP 12(h), so that even a failure to respond at all, either by way of motion or answer, may perhaps be considered a

(3d Cir. 1968); Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543, 546 (3d Cir. 1967); United States v. Article of Drug, 362 F.2d 923, 926–927 (3d Cir. 1966); Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 874 (3rd Cir.), cert. denied sub nom., Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944); Tiernan v. Dunn, 295 F.Supp. 1253 (D.R.I.1969);[9] O'Connor v. Western Freight Ass'n., 202 F.Supp. 561, 564 (S.D.N.Y.1962).[10] Thus, because personal jurisdiction may be conferred by consent of the parties, expressly or by failure to object, Petrowski v. Hawkeye Security Ins. Co., 350 U.S. 495, 76 S.Ct. 490, 100 L.Ed. 639 (1956), 1A Barron and Holtzoff, *supra* at § 370, a court may not *sua sponte* dismiss for want of personal jurisdiction, at least where a defendant has entered an appearance by filing a motion, as here, or otherwise. *Cf.* Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir. 1966), where it was held to be error for the district court to dismiss a suit for improper venue, on its own motion, where defendants had challenged service of process but no objection to venue had been made. Also, in Wagner v. Fawcett Publications, 307 F.2d 409 (7th Cir. 1962), cert. denied, 372 U.S. 909, 83 S.Ct. 732, 9 L.Ed. 2d 718 (1963), the court struck down the dismissal of an action on the basis of the statute of limitations where that defense had not been raised. The court said:

> The raising of the defense of the statute of limitations, * * * is a personal privilege of the defendant. If it fails to take advantage of that privilege in the manner provided by law, it is waived. It was no concern of the district court and that court had no right to apply the statute of limitations *sua sponte*. [Footnote omitted.] 307 F.2d at 412.

■ Since the possible invalidity of the service of process under New Jersey's long arm statute is a matter of personal jurisdiction, the court below was in error in dismissing the action without the issue having been raised below by defendant-appellees, and, therefore, any objections to service of process are deemed to have been waived.

The order of the court below will be reversed and the case remanded for further proceedings consistent with this opinion.

---

waiver of any objection to service of process. See 1A Barron and Holtzoff, Federal Practice and Procedure § 370 (Wright and Elliott ed. 1968).

9. Appellees in their brief before this court indicated that they may have been unaware of any possible service of process defect and therefore concentrated on the defense of the statute of limitations. A comparable argument was rejected in *Tiernan* where the court said:

> * * * The defendant has argued in its memorandum that no waiver should be effectuated here because the certainty that the motion to dismiss for failure to state a claim would be granted was so great, as of the time of the making of that motion, that the defendant felt no need to raise any other defense. * * * Whatever may have been the defendant's reason for not raising her additional defenses on her initial motion, the fact remains that she did not do so * * *. 295 F.Supp. at 1255–1256.

10. *Cf.* waiver of defense of statute of limitations by failure to raise it in timely fashion. Van Sant v. American Express Co., 169 F.2d 355, 372 (3d Cir. 1947).