Robert ZEIGLER

v.

UNITED STATES of America

v.

Bernt VON GRABE and Roger Dickson.

Arnold COOPERSMITH

v.

UNITED STATES of America INTERNAL REVENUE SERVICE.

Joseph SPADAFORA

v.

UNITED STATES of America.

Civ. A. Nos. 77–3856, 77–3867 and 78–3894.

United States District Court, E. D. Pennsylvania.

June 4, 1980.

Sharon Butcher Watson, Duane, Morris & Heckscher, Philadelphia, Pa., for Robert Zeigler and Joseph Spadafora.

Marc Albert, U. S. Dept. of Justice, Tax Div., Washington, D. C., for the Government.

Bernt Von Grabe, pro se.

Arnold Coopersmith, pro se.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

### (I)  INTRODUCTION

The genesis of these three consolidated[1] actions is the unpaid withholding and Social Security taxes of a company called Philadelphia Scientific Control, Inc. (PSC). Each of the named individuals, Robert J. Zeigler (Zeigler), Arnold Coopersmith (Coopersmith), Joseph Spadafora (Spadafora), Bernt Von Grabe (Von Grabe), and Roger Dickson (Dickson), was an officer or employee of PSC during 1974. On November 11, 1974 PSC filed for Bankruptcy. Apparently due to the same adverse financial circumstances which caused the bankruptcy, PSC had failed to remit to the Internal Revenue Service (IRS), the Income and Social Security tax contributions withheld from its employees' wages and salaries for the last three quarters of 1974.

The IRS, in turn, assessed[2] each individual with a penalty representing a portion of the unremitted taxes pursuant to the penalty provisions of 26 U.S.C. § 6672 which provides in pertinent part:

> Any person required to collect, truthfully account for, and pay over any tax * * who willfully fails to collect * * * or truthfully account for and pay over such tax, or willfully attempts * * * to evade or defeat any such tax or the payment thereof, shall * * * be liable to a penalty equal to the total amount of the tax * * *.

In making the assessments, IRS contends each individual is a "person" as defined by 26 U.S.C. § 6671, and therefore liable for a portion of the unremitted taxes.[3]

Zeigler, Coopersmith and Spadafora then paid nominal sums against their assessments and demanded refunds. When the refunds were denied, they instituted the instant suits to obtain them, and a judicial determination of the legality of the assessments. The IRS has counterclaimed for the full amount of the assessment against each

---

1. *See* Order, Docket Entry 10, Civil Action No. 77-3856.

2. The amount of the assessment against each individual is as follows: Zeigler—$6,865.79, Coopersmith—$4,756.35, Spadafora—$6,865.89, Dickson—$9,579.45, Van Grabe—$17,656.18.

3. 26 U.S.C. § 6671 defines person as follows:

   (b) Person defined.—The term 'person,' as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs. Aug. 16, 1954, c. 736, 68 A Stat. 828.

plaintiff. Additionally, IRS[4] has joined Von Grabe and Dickson as third party defendants, asserting that *they* are liable for the taxes if plaintiffs are successful in obtaining the refunds. Presently before the Court is third party defendant Von Grabe's motion captioned "Motion To Dismiss (II)," and the government's Application For Default Judgment.

### (II) PROCEDURAL BACKGROUND

At an earlier stage in these proceedings, the government had moved to consolidate *Zeigler,* Civil Action No. 77–3856, and *Coopersmith,* Civil Action No. 77–3867, and had also moved for leave to file and serve a third party complaint on Von Grabe, Dickson and Spadafora. On January 26, 1979, the Court entered an Order consolidating all three actions, that is *Zeigler,* Civil Action No. 77–3856, *Coopersmith,* Civil Action No. 77–3867, and *Spadafora,* Civil Action No. 78–3894. Further, the January 26, 1979 Order granted the government's motion to file and serve third party complaints on Von Grabe and Dickson.[5] The Order directed the government to file and serve the third party complaint within ten days of the date of the Order, and the third party complaint was filed the same day the Order was entered, January 26, 1979. A review of the dockets in all three cases, however, discloses no steps taken by the government to effect service upon the third party defendants.

Nevertheless, on August 28, 1979, Von Grabe filed a motion captioned: "Motion To Dismiss Defendant's And Third-Party Plaintiff's Motion For Leave To File And Serve Third-Party Complaint."[6] The basis upon which dismissal was sought was that on August 8, 1977, Von Grabe had been discharged in bankruptcy.[7] Because the debt asserted in the third party complaint is not discharged by a bankruptcy adjudication, the Court denied Von Grabe's motion to dismiss by Order of September 13, 1979.[8] Due to an error on the part of the Clerk's Office, however, a copy of the September 13, 1979 Order was not served on Von Grabe until late December, 1979. *See* letter to Von Grabe dated December 27, 1979, a copy of which is attached hereto as Exhibit "A."

Thereafter, on January 21, 1980, the government had a default entered against Von Grabe for failure to plead or otherwise defend. On February 5, 1980, Von Grabe filed the presently pending "Motion To Dismiss II" and on April 8, 1980, the government moved to have the default entered on January 21 reduced to judgment in the amount of $17,656.18.

The grounds asserted in the present motion to dismiss are twofold. First, Von Grabe contends he has never been served with the third party complaint as required by the Court's January 26, 1979 Order. Second, he maintains that, with the exception of the Court's Order of September 13, 1979, and the government's original motion[9] seeking leave to join him as a third party defendant, he has been served with no other pleading or Order entered in any of the cases.

### (III) ANALYSIS

*(A) Motion To Dismiss II.*

At the outset, it must be observed that the record in these cases supports Von

---

4. At various places in this Memorandum, the IRS is referred to as government.

5. The Court perceived no reason to join Spadafora as a third party defendant due to the pendency of the action brought by him concerning the PSC taxes. Because that action was consolidated with the others, all parties connected with PSC's taxes were before the Court and joining Spadafora as a third party defendant would only have needlessly complicated the proceedings.

6. Docket Entry 24, Civil Action No. 77–3867 (August 28, 1979).

7. *In Re Bernt Von Grabe and Kathy Von Grabe,* h/w Ind. and Jtly., Bankruptcy No. 76–1798EG (E.D.Pa. September 22, 1976).

8. *See* Docket Entry 13, Civil Action No. 77–3856.

9. *Von Grabe* concedes that a copy of the third party complaint was attached to the government's motion, but he maintains it was neither properly signed nor properly served as prescribed by Rule 4, Fed.R.Civ.P.

Grabe's assertion of never having been served with the third party complaint, or indeed with most of the other papers filed in connection with these cases. Most significantly absent is any basis for the Court to conclude Von Grabe was ever served with the third party complaint. True it is that a copy of the third party complaint was appended to the government's original motion to join Von Grabe, which was served on December 12, 1978, however, it is equally true that until the government applied for default judgment on January 21, 1980, Von Grabe had no basis to know the government's motion to join him had been granted. (The Order granting the government's motion to join Von Grabe is one of the unserved papers).

Nevertheless, the government asserts that Von Grabe's filing a purported motion to dismiss on August 28, 1979 waived the objections to any deficiencies in service such as those raised in the presently pending motion to dismiss. The foundations for this assertion are contained in Rules 12(g) and 12(h), Fed.R.Civ.P. which provide:

(g) Consolidation of Defenses in Motion. *A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted,* except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

(h) Waiver or Preservation of Certain Defenses.

(1) *A defense of* lack of jurisdiction over the person, improper venue, *insuffi-*

*ciency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g),* or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course. (Emphasis added).

The original motion to dismiss based on the bankruptcy discharge, if categorized under Rule 12, is probably in the nature of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The ground asserted in the present motion, that Von Grabe has never been served, is the insufficiency of service of process defense as permitted by Rule 12(b)(5).[10] Thus, if the original motion to dismiss was based on Rule 12, the government's position would clearly have merit. *See Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir. 1969); *Branic v. Wheeling Steel Corporation*, 152 F.2d 887, 888 (3d Cir. 1945); *Tiernan v. Dunn*, 295 F.Supp. 1253, 1255 (D. Rhode Island, 1969); *Food, Tobacco, Agricultural and Allied Workers Union of America, Local 186 v. Smiley*, 74 F.Supp. 823 (E.D.Pa.1946), *aff'd on other grounds*, 164 F.2d 922 (3d Cir. 1947).

The government's waiver theory is incorrect, however, because it is based on the premise that Von Grabe's original motion to dismiss was made pursuant to Rule 12. Although the relief sought by Docket Entry 24 (the original motion) was consonant with dismissal under Rule 12, a plain reading of the motion's caption makes it clear that what Von Grabe had in mind was a memorandum in opposition to the government's motion to join him.[11] Because he had been served with neither the third party complaint itself, nor with the Order

---

**10.** This type of motion should be distinguished from those under Rule 12(b)(2), lack of jurisdiction over the person, and Rule 12(b)(4), insufficiency of process. A 12(b)(2) motion challenges a Court's basic power to adjudicate a defendant's rights and liabilities, such as where a "long arm" statute is utilized to serve defendant but there exists absolutely no connection between defendant and the jurisdiction seeking to compel his appearance. Such is clearly not

the case here. A 12(b)(4) motion raises defects existing on the face of the process itself such as lack of proper signatures or the misnaming of parties. Von Grabe challenges receipt of process in the first instance, not its facial sufficiency.

**11.** Von Grabe has been acting *pro se* throughout these proceedings.

granting permission to the government to file it, Von Grabe had no basis to realize the government's motion was not still an outstanding, unresolved motion on the docket. He did not know, and because of the lack of service had no reason to know, that the government's motion already had been granted. Even after denial of the original motion to dismiss, an action of which he was not aware until some three months after the fact, Von Grabe still had no knowledge he had been joined as a third party defendant. Based on the record as it then existed, the only fact of which he was aware was the denial of his motion seeking to prevent the joinder; he had no reason to know the joinder had, in fact, been granted. Accordingly, the Court cannot conclude his original motion to dismiss (Docket Entry 24, Civil Action No. 77–3867) was made pursuant to Rule 12(b) thereby waiving his right to raise the defects in service at a later time.

■ Nor can the government avail itself of waiver because a default has been entered. The question of whether the entry of default constitutes a waiver of the insufficiency of service defense, turns · on the issue of whether the default was properly entered. In the circumstances of the present case, the Court concludes that it was not.

■ With two exceptions not here relevant, Rule 12(a), Fed.R.Civ.P. provides: "A defendant shall serve his answer within 20 days after the *service* of the summons and complaint . . ." (Emphasis added). Rule 14(a), in turn, applies this period to third party defendants as well as defendants. Obviously, where, as here, no service of the summons and complaint has been effected, the 20 day period, at the expiration of which default may be entered, never commenced running.

■ The Court finds *Bavouset v. Shaw's of San Francisco*, 43 F.R.D. 296 (S.D.Tex. 1967), cited by the government in support of its position, to be unpersuasive. The Court in *Bavouset*, when ruling that by allowing the case to proceed to default, defendant. waived its right to assert a Rule 12(b) defense by motion, relied on *Commercial Casualty Ins., Co. v. Consolidated Stone Co.*, 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252 (1929). The issue considered in *Commercial Casualty*, however, was whether the entry of default waived the defense of improper venue, which is also a Rule 12(b) defense. In this Court's view, such an across the board approach to Rule 12(b) defenses ignores the critical distinction between improper venue and a lack of service. Venue is a matter primarily concerned with the convenience of the litigants and witnesses. *Denver & Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 560, 87 S.Ct. 1746, 1748, 18 L.Ed.2d 954 (1967). Service of process and the in personam jurisdiction asserted thereby, however, relate to the very power of a court to entertain a claim against a defendant and to thereby adjudicate his rights and liabilities. *See Munter v. Weil Corset Co.*, 261 U.S. 276, 43 S.Ct. 347, 67 L.Ed. 652 (1923).

■ Therefore, this Court adopts the reasoning of the cases which hold, in effect, that "[d]efendant cannot waive lack of service by non-appearance because, there being no jurisdiction over the person, the twenty day period cannot begin to run." *Seman v. Pittsburgh Brewing Company*, 25 F.R.D. 209, 210 (N.D.Ohio 1960). *See also, Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 873 (3d Cir.), *cert. denied*, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944); *DiVecchio v. Gimbel Brothers*, 40 F.R.D. 311, 314 (W.D.Pa.1966). *Cf., Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543 (3d Cir. 1967).

■ Nor is the defect in service presented by this case a mere formality which the Court, in its discretion, might overlook. The situation here is a *total lack* of service. Moreover, the lack of service is compounded by a lack of notice to Von Grabe that proceedings against him had formally commenced. As noted earlier, until the time default was entered against him on January 21, 1980, the record discloses no basis for him to realize the government's motion to

join him had been granted. Accordingly, the default entered against Von Grabe on January 21, 1980 will be vacated.[12]

■ Despite the foregoing, the Court finds no basis to dismiss the case against Von Grabe in its entirety. Von Grabe has asserted no basis to conclude that he is without the jurisdiction of this Court if service of process is properly effected. In such circumstances, a court may consider the motion to dismiss as one to set aside or quash service of process rather than to dismiss the action. *Krulikowsky v. Metropolitan Dist. Council of Philadelphia & Vicinity*, 30 F.R.D. 24 (E.D.Pa.1962). Inasmuch as there has never been, in this case, an attempt to serve Von Grabe, however, treating the motion as one to quash service is an unnecessary interim step. Rather, in denying the motion to dismiss, the Court will simply afford the government 20 days within which to complete service on Von Grabe in accordance with the Federal Rules of Civil Procedure.

*(B) Application For Default Judgment.*

It is axiomatic that since the default entered on January 21, 1980 must be vacated, it cannot be reduced to judgment in accordance with the government's request. Accordingly, the Application For Default Judgment will be denied.

An appropriate Order follows.

EXHIBIT A

December 27, 1979

Mr. Bernt Von Grabe
95 Sandpiper Road
Feasterville, PA 19047

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

RE: *Robert Zeigler v. U. S. of America v. Bernt Von Grabe and Roger Dickson, Civil Action No. 77–3856*
*Arnold Coopersmith v. U. S. of America, Internal Revenue Service, Civil Action No. 77–3867*
*Joseph Spadafora v. U. S. of America, Civil Action No. 78–3894*

Dear Mr. Von Grabe:

It has just been called to my attention that a copy of Judge Hannum's order entered on September 13, 1979, and filed in this office on September 14, 1979, was not sent to you through inadvertence. I am enclosing a copy of said order with this letter and apologize for any inconvenience this may have caused you.

Sincerely,

MICHAEL E KUNZ
Clerk

/s/Joseph Benedetto
BY: JOSEPH BENEDETTO
Chief Deputy Clerk

MEK: JB: por

Enclosure

cc: Honorable John B. Hannum

---

12. The court expressly declines to decide whether this lack of notice would rise to the dimension of a due process infirmity were the default allowed to stand. Suffice it to say that it is of sufficient import to require vacation of the default before it is reduced to judgment.