UNITED STATES of America, to the Use of COMBUSTION SYSTEMS SALES, INC., Plaintiff,

v.

EASTERN METAL PRODUCTS AND FABRICATORS, INC. and Eastern Indemnity Company of Maryland, Defendants.

No. C–86–297–G.

United States District Court, M.D. North Carolina, Greensboro Division.

Oct. 21, 1986.

Richard W. Warren, Greensboro, N.C., for plaintiff.

Mack Sperling, Greensboro, N.C., for defendants.

ORDER

RUSSELL A. ELIASON, United States Magistrate.

Defendant Eastern Metal Products and Fabricators, Inc. moves to set aside an Entry of Default against it. Defendant was served by Registered Mail Return Receipt Requested pursuant to Rule 4(c)(2)(C)(i), Fed.R.Civ.P., which permits service of state corporations in a manner prescribed by state law. Plaintiff attempted to use N.C. Gen.Stat. § 1A–1, Rule 4(j)(6)(c) (1983), which requires the mail to be specifically addressed to an officer, director, or agent of the corporation, and be served on that person. Plaintiff, however, merely addressed the article to the corporation. Defendant contends that even though it may have had actual notice of the lawsuit, plaintiff's failure to strictly comply with service of process requirements makes the Entry of Default ineffectual. Plaintiff responds that defendant has waived any defense it might have to lack of jurisdiction over its person as a result of defective service by failing to raise it in an answer or motion.

The facts are not in dispute. Plaintiff filed the complaint on April 2, 1986. The employee of defendant who signed for the complaint delivered it to defendant's attorney, who, in turn, notified plaintiff's attorney that he considered the service to be invalid. Plaintiff did not re-serve the com-

plaint, but rather the parties engaged in settlement negotiations. On July 16, 1986, defendant's attorney declined to offer payment in excess of a certain amount. Meanwhile, on July 11th plaintiff moved for entry of default which was entered on July 17, 1986. Eleven days later, defendant filed the instant motion.

While the issue facing the Court is not novel, it has sparked considerable and continuing controversy. We start with the general proposition that a judgment arising from an entry of default is void and may be set aside pursuant to Rule 60(b)(4), Fed.R. Civ.P., at any time, if it is later determined that the court lacked jurisdiction over the person of the defendant. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2862 (1973). On the other hand, when the objection to personal jurisdiction is premised on a defect in the service of process, this may not render the proceedings void because "an objection to service may be waived by allowing a default and judgment to be entered." 10 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2695 at 504–505 (1983); *see also Id.* at § 2696 pp. 521–522; *Frank Keevan & Son v. Callier Pipe & Tube,* 107 F.R.D. 665 (S.D.Fla.1985).

Some courts have looked to Rule 12(h)(1), Fed.R.Civ.P., as containing a mandate that a defendant respond to the complaint or else he may waive objection to service of process. *Bavouset v. Shaw's of San Francisco,* 43 F.R.D. 296 (S.D.Tex.1967); *see Zelson v. Thomforde,* 412 F.2d 56, 58 n. 8 (3d Cir.1969)—(noting trend); *cf.* 5 C. Wright, A. Miller & M.K. Kane, *Federal Practice and Procedure,* § 1391 pp. 377–78 (Supp.1986). The argument for this point of view is premised on the distinction between a court's subject matter jurisdiction and personal jurisdiction over the parties. Unlike subject matter jurisdiction, personal jurisdiction, including defects in service and process, may be waived if not asserted. *Neirbo Co. v. Bethlehem Shipbuilders Corp.,* 308 U.S. 165, 167–68, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939). From this, it is argued that when a party has received actual notice of a lawsuit he may be re-

quired to object to ineffective service pursuant to Rule 12(h)(1) even though service has been defective.

Other courts hold that without proper service of process a court may never acquire personal jurisdiction over a defendant. *Ruddies v. Auburn Spark Plug Co.,* 261 F.Supp. 648 (S.D.N.Y.1966). That court further held that even a defendant's actual knowledge of the proceedings, including an exchange of correspondence between the parties and their attorneys, cannot substitute for defective service, citing *Wuchter v. Pizzutti,* 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928). Therefore, if service is invalid, this line of cases permit a defendant to ignore the entire proceedings with impunity and at any subsequent time attack a default judgment. *Billy v. Ashland Oil Inc.,* 102 F.R.D. 230 (W.D.Pa. 1984); *Leab v. Streit,* 584 F.Supp. 748, 760 (S.D.N.Y.1984), and cases cited therein; *Thorne v. Com. of PA.,* 77 F.R.D. 396 (E.D. Pa.1977); *Berlanti Construction Co. v. Republic of Cuba,* 190 F.Supp. 126 (S.D.N. -Y.1960); *see also* Annot., 59 A.L.R.Fed. 831 § 7 (1982)—(collecting cases).

While this Court is not convinced that Rule 12(h)(1) provides for a waiver in the face of defective service, neither is it willing to say that actual notice of the action by the defendant may not be sufficient to infer a waiver of objections to defects in service or process when the defendant suffers a default judgment to be entered. Turning to Rule 12(h)(1) first, the language of the Rule does explicitly provide that defenses relating to personal jurisdiction, venue, process or service are waived if not raised in a Rule 12 motion or included in a responsive pleading. Furthermore, as noted by the court in *Billy v. Ashland Oil Inc., supra,* at 234: "Nowhere do the federal rules contemplate that a party may simply ignore pleadings it receives." As a matter of policy, it would seem that a defendant should have a duty, if he has actual notice of a lawsuit, to appear and raise his objections. However, the problem with relying on Rule 12(h)(1) to infer a waiver is that it "does not call for the assertion of

the lack of personal jurisdiction defense within the time provided in Rule 12(a). It merely dictates that the defense will be waived if not made by motion or included in the responsive pleading." *Marcial UCIN, S.A. v. SS Galicia,* 723 F.2d 994, 997 (1st Cir.1983). Rule 12(a), Fed.R.Civ.P., only requires a defendant to serve his answer "within twenty days after the service of the summons and complaint upon him, . . . ."

Thus, the Rule 12(h)(1) waivers do not come into play unless a defendant has been served. Rule 12(a) contemplates proper service as a predicate for determining the start of the 20–day period. *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.,* 376 F.2d 543, 546 n. 4 (3d Cir.1967). Otherwise, the court would have no reference point from which to compute the time when a defendant must file an answer or response. Relying on actual notice to defendant would create as many problems or disputes as it might solve. A finding of actual notice of a lawsuit results from a number of facts or an accumulation of facts peculiar to each situation which would require resolution. There would be no certainty concerning service until after the court ruled. Requiring service to be made in accordance with the rules obviates this type of controversy. Permitting the time to answer under Rule 12(a) to run from either a defective service or actual notice would not only be unmanageable but stretch the words of that Rule beyond their ordinary meaning. *See Foss v. Klapka,* 95 F.R.D. 521 (E.D.Pa.1982).

Even though Rule 12(h)(1) does not provide for waiver in a default judgment situation, the court is not powerless to protect itself and the litigants. Rule 12(h)(1), as presently drafted, is directed to the events occurring at the beginning cf the lawsuit and does not circumscribe waivers as a result of later events, such as suffering a default judgment to be entered. Rule 12(h)(1) only sets the outer limits for waiver due to untimely assertion of a defense. It does not encompass waiver by implication. *Marquest Medical Products, Inc. v. EMDE Corp.,* 496 F. Supp. 1242, 1245 n. 1

(D.Colo.1980); *Altman v. Liberty Equities Corporation,* 322 F.Supp. 377 (S.D.N.Y. 1971).

Personal defenses, such as lack of jurisdiction, may be deemed waived for failure to timely raise the defense, by formally submitting oneself to the jurisdiction of the court, or by "submission through conduct." *Neirbo Co. v. Bethlehem Shipbuilders Corp., supra,* 308 U.S. at 168, 60 S.Ct. at 154. Waiver has been inferred in a wide variety of situations, even when the defense has been formally raised in an answer, by conduct and inaction, such as entering an appearance, filing motions and requesting relief, or participating in hearings or discovery. *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc., supra* —(attendance at preliminary injunction hearing); *Marquest Medical Products, Inc. v. EMDE Corp., supra* —(stipulated to restraining order); *Marcial UCIN, S.A. v. SS Galacia, supra* —(entered an appearance and attended depositions); *Reliable Tire Distributors, Inc. v. Kelly Springfield Tire Company,* 623 F.Supp. 153 (E.D.Pa.1985)—(filing counterclaim and motion for summary judgment); *see also Marquest Medical, supra,* at 1245 n. 2—(collecting cases); *but see Zeigler v. United States,* 86 F.R.D. 703 (E.D.Pa.1980)—(no waiver where defective service *and* lack of notice). These cases, while presenting markedly different situations, have the common factors of dilatoriness and participation in, or encouragement of, judicial proceedings.

Waiver by implication is also appropriate where defendant has been improperly served with process, yet has actual notice of the lawsuit, and thereafter a default judgment is entered against him. The court may infer by a defendant's inaction that he has waived his personal defenses of jurisdiction over the person, venue, process or service. The entry of a default judgment occurs after the opposing side and the court have expended time and energy culminating in a matter of serious import, *i.e.,* a judgment. In a similar situation, the United States Supreme Court in *Commercial Casualty Insurance Co. v. Consol-*

*idated Stone Co.,* 278 U.S. 177, 180, 49 S.Ct. 98, 99, 73 L.Ed. 252 (1929), found that a defendant properly served with process waived venue by suffering a default and justified its action as follows:

> To hold that such a privilege may be retained until after the suit has reached the stage for dealing with the merits and then be asserted would be in our opinion subversive of orderly procedure and make for harmful delay and confusion.

As noted by the court in *Marcial UCIN, S.A. v. SS Galacia, supra,* when defendant's conduct is sufficiently dilatory and inconsistent with his privilege, his actions may constitute a waiver of the defense. For example, in *Frank Keevan & Son v. Callier Steel Pipe & Tube,* 107 F.R.D. 665 (S.D.Fla.1985), the court found that a defendant waived technical objections to improper service upon him as a result of his actual knowledge of the lawsuit, combined with actions calculated to evade service and his failure to complain of the defects of service on him by his suffering the entry of a default judgment against him. The Court noted that a distinction could be made between total failure of service and irregular or defective service. The first would produce a void judgment, wherein the latter only produces a voidable judgment.

▮ Waiver by implication in a default situation requires that plaintiff make a good faith effort to serve under the rules and that defendant, although improperly served, have actual notice of the lawsuit. Then defendant may be deemed to have waived objection to defects in service by suffering a default judgment to be entered against him. In so holding, the Court rejects the view expressed in *Ruddies v. Auburn Spark Plug Co., supra,* and *Leab v. Streit, supra,* that the Supreme Court's decision in *Wuchter v. Pizzutti, supra,* makes any waiver theory inappropriate because receipt of actual notice may never remedy defective service. *Wuchter* is inapposite to the instant discussion. There the Supreme Court invalidated a nonresident motorist service statute which did not require the Secretary of State to mail notice to the defendant. Because the statute provided for jurisdiction over defendant as well as for service, its being held unconstitutional deprived the state court of jurisdiction. Under these circumstances, actual notice to defendant was not sufficient to overcome both the service defects and lack of jurisdictional authorization to sue. *National Rental v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964)-(*Wuchter* confined to its facts); *see Koster v. Automark Industries, Inc.,* 640 F.2d 77, 81 n. 3 (7th Cir.1981); *see also Wiren v. Eide,* 542 F.2d 757, 762 (9th Cir.1976).

In determining what constitutes a good faith effort to serve under the rules, the Court should look to the type and extent of defect in service and to the notice received by defendant. At least with respect to personal service of individuals under Rule 4(d)(1), Fed.R.Civ.P., the courts are admonished to liberally construe the rules in order to effectuate service where the defendant has "actual notice of the commencement of the action and the duty to defend has been received...." *Karlsson v. Rabinowitz,* 318 F.2d 666, 668 (4th Cir.1963); 4 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1083 (1969). This same prescription applies to other types of service. *See Turner v. CF & I Steel Corp.,* 510 F.Supp. 537 (D.Pa.1981), *aff'd,* 770 F.2d 43 (3d Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986)-(notice left with assistant secretary who neither refused to accept service nor directed server to the appropriate office constituted valid service); *Orefice v. Laurelview Convalescent Center, Inc.,* 66 F.R.D. 136 (E.D.Pa.1975)—(service on controller of parent corporation valid service on subsidiary where controller was also in charge of bookkeeping activities at subsidiary). In appropriate situations, strict compliance with the service rules may be suspended and technical deficiencies ignored, such as when the defendant has deliberately and unfairly evaded service and it is reasonably certain that defendant has actual notice of the lawsuit. *Frank Keeven & Son v. Callier Steel Pipe & Tube, supra,* at 671–73.

*See Allen v. United States Fidelity & Guaranty Company,* 342 F.2d 951 (9th Cir.1965)-(technical deficiency—no possible prejudice).

The second requirement for inferring waiver of defective service by suffering entry of default judgment is that the defendant have actual notice of the commencement of the action and his duty to defend. This notice requires more than vague, general knowledge that a lawsuit will be or has been filed. Defendant must have knowledge that an action has in fact been commenced and sufficient notice so that it can be inferred that he knows of his duty to defend against the action. A defendant should not be permitted to close his eyes against that which all reasonable people would see. However, if the process is not sufficiently served and defendant does not have actual notice of the claim, a waiver may not be inferred. *Jackson v. Hayakawa,* 682 F.2d 1344, 1348–49 (9th Cir.1982); *see also Gold Kist, Inc. v. Laurinburg Oil Co., Inc.,* 756 F.2d 14 (3d Cir. 1985)—(distinguishing between mail that was returned unclaimed and where delivery is refused). In defining actual notice, it will be helpful to refer to the case law developed concerning the notice and relation back provisions of Rule 15(c), Fed.R. Civ.P. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1498 (1971). The same concerns, about fairness of the notice, arise with respect to adding a party after the statute of limitations has run, as with requiring a party to promptly object to service on penalty of waiver. However, where the defective service may likely confuse defendant as to the need to respond, even actual notice of the lawsuit will not be sufficient to infer a waiver by inaction. *See Armco, Inc. v. Penrod-Stauffer Bldg. Systems,* 733 F.2d 1087 (4th Cir.1984).[1]

Requiring a defendant to object to defects in service or process prior to the entry of a default judgment serves both the parties' and the court's interest. First, as previously noted by the Supreme Court in *Commercial Casualty, supra,* requiring prompt objections prevents waste of valuable court time in determining and entering a default judgment. It will also serve to curb evasive and irresponsible behavior on the part of defendants. As noted by the court in *Frank Keevan & Son, supra,* at 673–74, without a waiver sanction, a defendant has "an incentive to avoid service of process by tricking process servers and lulling the opposing party into a good faith belief that service has been made. Then, years after default was entered, and the lawsuit litigated" the defendant may emerge and attempt to have the default set aside. *See also Billy v. Ashland Oil Inc., supra,* at 234–(in-house counsel for defendant so obstructed the intent of Rule 4, Fed.R.Civ.P., to have approached a breach of ethical and professional duties in their failure to respond).

A waiver sanction may also be beneficial to defendants by curbing a desire to play a game of Russian roulette, wherein if they

---

**1.** The Court does not find that *Armco, Inc. v. Penrod-Stauffer Bldg. Systems,* 733 F.2d 1087 (4th Cir.1984), requires a decision contrary to finding that a defendant suffering a default judgment may result in his forfeiting certain personal defenses. While defendant received actual notice of the suit, the court held service had not been proper and voided the default judgment. However, the facts of *Armco* must be closely examined. The plaintiff served defendant under Rule 4(c)(2)(C)(ii), Fed.R.Civ.P., by enclosing a summons and complaint which is mailed to the defendant with an acknowledgement notice. Defendant was instructed to return or complete the notice within twenty days or else he may be required to pay expenses in having a summons and complaint served on him. The defendant did nothing, even though it had actual notice of the suit, and default judgment was entered. The Court rejected plaintiff's argument that the mailing of the letter could be said to have been authorized by state law because when one serves under Rule 4(c)(2)(C)(ii) one is limited thereafter to the types of service that might be made and service pursuant to state law is not one of them. The court did not rule that actual notice will always be insufficient to correct technical violations of the rule. Rather, it required strict compliance with service of process rules because in serving under Rule 4(c)(2)(C)(ii) the defendant was informed that if he did not complete and return the form there would be other summons forthcoming for which he may have to pay. Under these circumstances defendant was not left with a clear notice of the necessity to respond.

guess right with respect to defective service there will not be a valid judgment against them, but if they are incorrect there will be. *See e.g., In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 418 (E.D.Pa.1981). By discouraging the withholding of objections, the court thus creates an incentive to have cases resolved on their merits. Defendants will not suffer an unreasonable burden. They certainly may not be heard to complain that it would be more burdensome for them to file their objections after receiving actual notice of the lawsuit as opposed to in a proceeding to vacate a default judgment. Plaintiffs will not be encouraged to ignore service rules since they must establish that they have made a good faith effort to serve under the rules and also that defendants received actual notice. This construction will serve to discourage delays, evasions and deceptions on the part of defendants and conserve both the parties' and the court's time by reducing the number of invalid judgments entered.

■ In the instant case, the Court does not find that plaintiff should be entitled to the benefit of the waiver sanction for several reasons. First, it cannot be said that plaintiff made a good faith effort to serve under the rules. The facts disclose that after defendant was served, its counsel immediately notified plaintiff of the defect in service and invited proper service upon it. Thus, in contrast to those defendants which have used delays or tricks to evade service, the instant defendant immediately made the defect known to plaintiff and advised it how a correction could be made. Second, plaintiff may not have benefit of the waiver rule because a default judgment has not been entered, only entry of default. Very little expenditure of either the court's or the parties' resources is involved in having the clerk make an entry of default. A waiver may not be inferred until a default judgment has been entered. *Todd v. Tempest Marine, Inc.,* 623 F.Supp. 562 (E.D.

Mich.1985). For these reasons, the Court rejects plaintiff's claim that defendant has waived any defenses it might have to lack of jurisdiction by reason of defective service.

Even though the Entry of Default may be vacated for failure of service of process, the Court finds that defendant's motion should also be granted on the other grounds urged by defendant. Rule 55(c), Fed.R.Civ.P., provides that "for just cause shown" the court may set aside an entry of default. In determining just cause, the Court must exercise its discretion depending on the circumstances peculiar to the case. *United States v. Moradi,* 673 F.2d 725, 727 (4th Cir.1982); 10 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2696 (1983). Three specific factors have been developed to assist trial courts in exercising their discretion: (1) whether the default was willful;[2] (2) whether the defaulting party presents meritorious defenses; and (3) whether the nondefaulting party will be substantially prejudiced if relief from the default is granted. *United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir.1985); *Marziliano v. Heckler,* 728 F.2d 151, 156 (2d Cir.1984); *United Coin Meter v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir.1983); *Chrysler Credit Corp. v. Macino,* 710 F.2d 363 (7th Cir.1983). These are similar to the factors applied in considering relief from a default judgment, except they are less rigorously or stringently applied. *One Parcel, supra,* at 183; *Chrysler Credit, supra,* at 368. Thus an entry of default may be set aside for reasons insufficient to vacate a default judgment. *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656 (3d Cir.1982). Moreover, because default judgments are disfavored, courts should liberally exercise their discretion to provide relief from entries of default. *Moradi, supra.* Applying these factors, the Court finds good cause to set aside the Entry of Default.

---

**2.** The Third Circuit requires a finding of "culpable negligence." *E.g., Gold Kist, Inc. v. Laurin-*

*burg Oil Co., Inc.,* 756 F.2d 14 (3d Cir.1985).

First, defendant's actions do not rise to willful or culpable conduct. After defendant received the correspondence, defendant's attorney contacted plaintiff and advised that the service of process might be defective but that he would be willing to accept service by mail upon receipt of the proper forms. The parties also engaged in settlement negotiations. Plaintiff notified defendant that the matter must be settled by June 30, 1986 and made one final offer on July 11, 1986. The Motion for Default was filed on July 11th, entered on the 17th, and eleven days after the Entry of Default, defendant moved to have it set aside. Because of the prior negotiations between the parties, the Court will, at most, only consider the 28–day period from June 30—July 28, 1986 as unexcused. Plaintiff waived the remaining time period by engaging in settlement negotiations.

Not only is this time period extremely short, but the facts do not disclose willfulness. To the contrary, defendant has demonstrated a willingness to participate in the litigation from the very beginning by contacting plaintiff immediately after receipt of the defective service and by engaging in settlement negotiations. Defendant is, thus, far from being considered uncooperative or an obstructionist. 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2693 at 478–79. Defendant's prompt, forthright action throughout justifies setting aside the default, especially where the parties engaged in negotiations and plaintiff may not have explicitly warned defendant that a motion for default was about to be made. *See Moradi, supra,* 727; *Insurance Company of North America v. S/S Hellenic Patriot,* 87 F.R.D. 136, ·139 (S.D.N.Y.1980)—(plaintiff's failure to notify defendant after prior dealings justifies vacating judgment).

Defendant also has made a sufficient showing of a meritorious defense. With respect to entries of default, as opposed to default judgments, a lower standard is applied. Thus, a proffered defense may be considered meritorious if there is even a hint or suggestion that it will be a complete defense if proven. *Keegel v. Key West &*

*Caribbean Trading Co., Inc.,* 627 F.2d 372, 374 (D.C.Cir.1980). The likelihood of success need not be considered but only whether the defense is a good one at law. *United Coin Meter, supra,* at 845. Nevertheless, mere conclusions will not suffice and defendant is required to proffer facts. *Consolidated Masonry & Fireproof, Inc. v. Wagman Const. Co.,* 383 F.2d 249, 252 (4th Cir.1967); *see Breuer Elec. Mfg. v. Toronado Systems of America,* 687 F.2d 182, 186 (7th Cir.1982). In the instant case, defendant has offered an affidavit and other evidence showing that it has a good defense. The Court finds this evidence sufficient under the above standards.

Last, the Court does not find that plaintiff will suffer any prejudice by having the Entry of Default set aside. Delay alone is not a sufficient basis for prejudice and plaintiff has not proven any other. *United Coin Meter, supra,* at 845; *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983)—(delay alone). The burden of showing prejudice is on plaintiff. Prejudice may result from loss of evidence, greater difficulty in discovery or trial, or opportunity for fraud and collusion. *See Davis, supra; Feliciano v. Reliant Tooling Co., Ltd., supra,* at 656–57. While plaintiff claims that defendant used the time for settlement to gain a tactical advantage, plaintiff fails to prove or define the extent and kind of prejudice involved.

After balancing these factors, the Court finds good cause to set aside the Entry of Default. *Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir.1980). Any doubts in granting relief from the default have been resolved in favor of the defaulting party. *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969); *United Coin Meter, supra,* at 846.

IT IS THEREFORE ORDERED that defendant's Motion to Set Aside the Entry of Default is granted, and defendant shall forthwith file its answer and motions. Plaintiff is advised to accept defendant's counsel's offer and forthwith cause re-service to be made on him.