Panos GIANNAKOS, Plaintiff-Appellee,

v.

M/V BRAVO TRADER, Her Engines, Tackle, Apparel, Furniture, etc., In Rem, and Kenneth C. Scullin, Gulf Trading Company, and Hyperion Helios Shipping Corporation In Personam, Defendants, .

Kenneth C. Scullin, Defendant-Appellant.

No. 84–3737

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 17, 1985.

---

Gilbert R. Buras, Jr., New Orleans, La., for defendant-appellant.

Leger & Mestayer, Michael J. Mestayer, New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, GAR-WOOD, and DAVIS, Circuit Judges.

PER CURIAM:

Kenneth C. Scullin asks us to vacate the district court's judgment enforcing a settlement agreement between Scullin and Panos Giannakos on the grounds that the court lacked subject matter jurisdiction over the suit. We vacate and remand.

## I

Giannakos filed suit in 1981 alleging that Scullin and two corporations controlled by Scullin, Gulf Trading Company and Hyperion Helios Shipping Corporation, had failed to compensate Giannakos for services rendered in accordance with an oral contract between Giannakos and Scullin. Under the contract Giannakos was to serve as a consultant to aid defendants' efforts to purchase, construct, and operate various passenger vessels.

In May 1984 Scullin filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The parties settled before the trial judge ruled on this motion. However, defendants failed to comply with the terms of the settlement agreement. Giannakos then applied to the court for an order enforcing the agreement. The judge entered the requested order, still without addressing the question of subject matter jurisdiction.

## II

On appeal Scullin contends that the order enforcing the settlement agreement was invalid because the court lacked jurisdiction over the underlying controversy. Giannakos maintains that defendants waived this issue by entering into the settlement before the district court resolved the jurisdictional question and are now estopped from raising it as a defense to enforcement of the agreement. In the alternative, he asserts that the court had proper jurisdiction based on general maritime law and diversity of citizenship.

## A

Inferior federal courts are courts of limited jurisdiction. 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1984) (hereinafter C. Wright). Unless a dispute falls within the confines of the jurisdiction conferred by Congress, such courts do not have the authority to issue orders regarding its resolution. The question of subject matter jurisdiction can never be waived. Nor can jurisdiction be conferred by conduct or consent of the parties. C. Wright, *supra*. *See Eagerton v. Valuations, Inc.,* 698 F.2d 1115, 1118 (11th Cir.1983); *A.L. Rowan & Son v. Department of Housing and Urban Development,* 611 F.2d 997, 998–99 (5th Cir.1980). Such jurisdiction goes to the core of the court's power to act, not merely to the rights of the particular parties. If jurisdiction could be waived or created by the parties, litigants would be able to expand federal jurisdiction by action, agreement, or their failure to perceive a jurisdictional defect. Such a result would be in direct conflict with the concept of limited jurisdiction. Therefore, United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking. Fed.R.Civ.P. 12(h)(3). *Matter of Kutner,* 656 F.2d 1107, 1110 (5th Cir.1981), *cert. denied,* 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).

In the present case, the district court erred in entering the challenged judgment without responding to defendants' motion to dismiss. Giannakos aptly complains that Scullin has engaged in dilatory tactics throughout this proceeding. Unfortunately, the normal equities created by conduct of a party are beside the mark. The question of subject matter jurisdiction must be resolved by the application of proper legal principles to the facts devel-

oped below. Because federal jurisdiction cannot be conferred by an agreement between the parties, the settlement agreement did not moot the jurisdictional question. Unless the court had jurisdiction over the original controversy, it did not have the authority to order enforcement of the settlement.

Both parties draw two cases to our attention: *Fairfax County Wide Citizens v. Fairfax County,* 571 F.2d 1299 (4th Cir. 1978) and *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368 (6th Cir.1976). However, these cases are inapposite. Although they address jurisdictional questions regarding the enforcement of settlement agreements, in each case the original controversy was within the court's federal question jurisdiction. As plaintiff notes, the Sixth Circuit did state that a federal court has jurisdiction over settlement agreements even where its original jurisdiction may be questionable because the execution of the agreement "renders the prior controversy academic." *Aro,* 531 F.2d at 1371. We decline to apply this statement to the present case for two reasons. First, it is dicta. The original complaint was indisputably within the jurisdiction of the federal court because it was premised on the infringement of a federal patent. Second, as support for this statement the Sixth Circuit cited *Meetings & Expositions, Inc. v. Tandy Corp.,* 490 F.2d 714 (2d Cir.1974), which addressed only the effect of a settlement agreement on a subsequent claim that the enforcing court lacked personal jurisdiction over defendant.

### B

■ Giannakos has alleged two bases for jurisdiction: general maritime law and diversity of citizenship. The sources to be used by this court in assessing a claim of lack of jurisdiction are: (1) the complaint, (2) any undisputed facts evidenced in the record, and (3) any disputed facts resolved by the district court. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981).

■ The record before us in this case does not permit a conclusive determination that jurisdiction exists under either theory advanced by plaintiff. Although his alleged employment contract did relate to maritime business, we do not have sufficient facts to determine whether his claim satisfies the prerequisites for admiralty jurisdiction. *See* C. Wright, *supra,* § 3675.

■ On its face, the complaint does not satisfy the requirements of diversity jurisdiction because the diversity of citizenship is not complete. Both the plaintiff and one of the defendants, Hyperion Helios Shipping Corporation, are citizens of foreign nations. Diversity does not exist where aliens are on both sides of the litigation. *Corporacion Venezolana de Fominto v. Vintero Sales Corp.,* 629 F.2d 786, 790 (2d Cir.1980), *cert. denied,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981). The fact that Giannakos has established a residence in Louisiana does not alter this conclusion. *Jagiella v. Jagiella,* 647 F.2d 561, 563 (5th Cir.1981).

Giannakos advances three arguments in support of his claim that complete diversity exists despite the naming of Hyperion in the complaint. All are without merit.

■ First he contends that Hyperion never became a party because service of process on the corporation was never effected. However, service is not a prerequisite to jurisdiction. A party named in the complaint may voluntarily submit to the jurisdiction of the court. Under Federal Rule of Civil Procedure 12(h)(1) any jurisdictional defect stemming from insufficiency of process or of service of process is waived unless it is raised in the answer or by motion before the filing of a responsive pleading. Hyperion filed an answer to Giannakos's complaint. It did not raise any issues pertaining to personal jurisdiction. Therefore Hyperion was properly before the court.

■ Second, he maintains that Hyperion could have been dismissed from the proceeding to preserve diversity because it is not an indispensable party to the litigation. This argument must be presented to

the district court on remand pursuant to Federal Rule of Civil Procedure 19(b).

Finally Giannakos asserts that Hyperion is the alter ego of Scullin and does not have any independent existence. This argument also requires factual development and must be presented first to the district court.

VACATED AND REMANDED.