Roberto MARTINEZ, Irma Colon-De-Martinez and their conjugal partnership, Plaintiffs,

v.

PICKER INTERNATIONAL, INC. and Picker International Del Caribe, Inc., Defendants.

Civ. No. 85–2225CC.

United States District Court, D. Puerto Rico.

May 21, 1986.

Gerardo Pavía, Moreda, Moreda & Arrillaga, San Juan, Puerto Rico, for plaintiffs.

Gregory T. Usera, McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, Puerto Rico, for defendants.

ORDER

CEREZO, District Judge.

On January 8, 1986 plaintiffs filed a Motion Requesting Entry of Default Judgment against codefendant Picker International, Inc. alleging said party had been properly served on November 18, 1985, appeared on December 4, 1985 requesting an extension of time, but still had not answered or otherwise pleaded. On January 17, 1986 codefendant Picker International, Inc. filed an Opposition to the Motion for entry of default arguing that service of process was ineffective for it is a non-resident corporation without an agent .in Puerto Rico and the person served was not authorized to accept service. On February 14, 1986 plaintiffs replied to the opposition contending that codefendant Pickering International, Inc. had waived its defense of lack of personal jurisdiction by its motion requesting an extension of time without reserving its jurisdictional defense and by its attorney's telephone conversations with plaintiffs' attorneys on the possibility of an early "agreement." On February 19, 1986, said codefendant filed a a Surreply to Opposition to Motion for Entry of Default where it argued that the motion requesting an extension of time could not be considered a voluntary submission to this court's jurisdiction. It also argued that there was no personal jurisdiction over this defendant for it had insufficient contacts with Puerto Rico.

■ Rule 12(h)(1), Federal Rules of Civil Procedure, states that a defense of lack of personal jurisdiction or defective service of process is waived, if omitted from a Rule 12 motion or from a responsive pleading. The First Circuit has indicated that this rule requires a defendant to raise these

defenses in its first "defensive move," be it a Rule 12 motion or a responsive pleading, otherwise the defense is waived. *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir.1983). The purpose behind this rule was to dispense with the technicality of making special appearances to challenge jurisdiction or risk submission. *See gen.:* Wright and Miller *Federal Practice and Procedure, Civil,* sections 1344, 1391. As stated in *Orange Theatre Corporation v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3rd Cir.1944), *cert. denied,* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573:

> Rule 12 has abolished for the federal courts the age-old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. He is no longer required at the door of federal courthouse to intone that ancient abracadabra of the law, *de bene esse,* in order by its magic power to enable himself to remain outside even while he steps within.

*Id.* None of the cases cited by plaintiff support the proposition that informal telephone conversations by a party's attorney prior to the filing of any document in court or a motion for extension of time to file a responsive pleading, constitute a "defensive move" requiring incorporation of the Rule 12 lack of personal jurisdiction or defective service of process defenses so as to preserve them.

In *Muñiz v. Vidal*, 739 F.2d 699 (1st Cir.1984) the court considered representations by a defendant's attorney of his intention to file a counterclaim and a motion requesting bond to be an "appearance," but for purposes of the requirement in Rule 55(b)(2), Federal Rules of Civil Procedure, that a request for default judgment be notified. *Cf. Taylor v. Boston & Taunton Transport Co.*, 720 F.2d 731, 733 (1st Cir. 1983) (informing the court that defendant would file an answer and motion to remove default held not to be an appearance). However, an appearance for purposes of the notice requirement of the default rule, a requirement that is liberally construed in view of the law's reluctance to issue de-fault judgments, *see* Wright, Miller and Kane, *supra,* section 2686, page 433, is a separate consideration from that same rule's requirement that a party file a defensive pleading or suffer default. *Id.* page 430. Plaintiffs' erroneous equalization of these two concepts leads to the anomaly of making the grounds giving rise to the "appearance" the same reasons why default must be lifted, with the added incongruity that the "appearing" party for whom default was lifted, because the appearance was deemed a defensive pleading, would have waived its defenses of lack of personal jurisdiction or defective service if it did not mention this during the extra-judicial acts constituting an appearance. The responsive pleading mentioned in Rule 12 is more akin to the "failure to plead or otherwise defend" requirement of Rule 55(a). *See* Wright and Miller, *supra,* section 2682. The *Muñiz* ruling merely reflects the court's construction of the term appearance within an entirely different regulatory background which responds to interests quite different from those behind Rule 12's waiver of certain defenses provision. *See* Wright and Miller, *supra,* section 1391.

We consider that codefendant Picker International, Inc.'s motion requesting additional time to answer or otherwise plead and its attorney's telephone conversations with plaintiffs' attorneys were neither a Rule 12 motion nor a responsive pleading, *see Glater*, 712 F.2d 738, requiring the simultaneous raising of the Rule 12 defenses to prevent waiver.

The Rule 12 lack of personal jurisdiction and insufficient service of process defenses have not been waived. Since plaintiffs have not refuted the allegations that codefendant Picker International, Inc. has not been properly served, the motion for default against this codefendant filed on January 8, 1986 by plaintiffs, docket entry 5, is hereby DENIED. Plaintiffs shall initiate the appropriate proceedings to serve this defendant within five (5) days following notice of this Order. Within ten (10) days after being properly served, this defendant

will file a Rule 12 motion to renew the personal jurisdiction argument or any other defenses it deems necessary. Plaintiffs shall respond within the time allowed by the rules. Thereafter the Court will set an initial scheduling conference.

SO ORDERED.