**J. SLOTNIK COMPANY,**

v.

**CLEMCO INDUSTRIES.**

Civ. A. No. 87–0113–T.

United States District Court,
D. Massachusetts.

Sept. 5, 1989.

---

Robert Muldoon, Jr., Phyllis Menkin, Sherin & Lodgen, Boston, Mass., for Slotnik Co.

Mark E. Cohen, McCormack & Epstein, Boston, Mass., Reubin J. Becker, Silberman & Becker, Sausalito, Cal., for Clemco Industries.

MEMORANDUM AND ORDER ON MOTION OF THE DEFENDANT, CLEMCO INDUSTRIES, FOR RECONSIDERATION BY THE MAGISTRATE OF HIS RECOMMENDATION THAT THE MOTION OF THE DEFENDANT, CLEMCO INDUSTRIES, TO REMOVE DEFAULT JUDGMENT ENTERED AGAISNT IT BE DENIED (# 22, filed 7/27/87)

ROBERT B. COLLINGS, United States Magistrate.

After hearing, it is ORDERED that the Motion Of The Defendant, Clemco Industries, For Reconsideration By The United States Magistrate Of His Recommendation That The Motion Of The Defendant, Clemco Industries, To Remove Default Judgment Against It Be Denied (# 22) be, and the same hereby is, DENIED.

The facts which formed the basis of my Report and Recommendation [1] are, in brief, that the plaintiff, J. Slotnik Company, (hereinafter, "Slotnik") filed its Complaint on January 15, 1987. Defendant, Clemco Industries, Inc., (hereinafter, "Clemco") was served by certified mail on January 19, 1987. Clemco failed to answer or otherwise plead. Accordingly, on February 19, 1987, Slotnik filed a Motion ... For Default Judgment Against Defendant, Clemco Industries (# 3). The motion was served upon Clemco. No response was made to the motion. The Clerk issued a Notice of Default (# 5) on March 4, 1987; a copy of the Notice of Default was mailed to Clemco. However, Clemco did not respond to the Notice. An Application By Plaintiff For Judgment By Default (# 6) was filed on April 22, 1987. A copy of the Application was not served on Clemco. Judgment By Default was entered by the Clerk on May 22, 1987.

On June 15, 1987, Clemco filed the Motion Of Defendant, Clemco Industries, To Remove The Default Judgment Entered Against It Pursuant To Rule 60(b) Of The Federal Rules Of Civil Procedure (# 13). Submitted with the motion were two pleadings entitled "Answer Of Defendant, Clemco Industries, To Plaintiff's Complaint" and a "Jury Claim."

On July 15, 1987, I entered a Report and Recommendation (# 21) that the motion to remove the default judgment pursuant to Rule 60(b) be denied on the ground that Clemco had failed to demonstrate that the judgment was entered because of "mistake, inadvertence, surprise or excusable neglect."

In its motion for me to reconsider that Report and Recommendation filed on July

1. A copy of the Report and Recommendation (# 21) is attached hereto and incorporated herein by reference.

27, 1987, Clemco raises two new issues which it had not raised earlier.

First, Clemco claims that the default judgment must be set aside because Slotnik failed to give prior notice to Clemco of its application for default judgment.

It is not disputed that Slotnik served Clemco with a copy of the February 19, 1987 Motion ... For Default Judgment Against Defendant, Clemco Industries (# 3) and that the Clerk served Clemco with a copy of the March 4, 1987 Notice of Default (# 5). It is also not disputed that Clemco filed nothing in Court upon receipt of these documents.

The document which was not served is the Application By Plaintiff For Judgment By Default (# 6) which was filed on April 22, 1987. The application was filed "pursuant to Fed.R.Civ.P. 55(b)(2)" and sought the "... entry of a default judgment and a hearing to determine the total amount of damages to which Slotnik is entitled pursuant to its complaint." The following appeared at the end of the document:

### CERTIFICATE OF SERVICE

As no one has filed an appearance in this case in Clemco's behalf, no service of this Application has been made.

/s/ <u>Phyllis Fine Menken</u>
Phyllis Fine Menken

On May 21, 1987, Slotnik's counsel wrote the following letter; no copy was sent to Clemco or its counsel:

May 21, 1987

BY HAND

Ms. Mary Koughlin [sic]
Deputy Clerk—Room 1409
United States District Court
U.S. Post Office & Courthouse
Boston, MA 02109
  Re: J. Slotnik Company v. Clemco Industries
  Civil Action No. 87–0113–T

Dear Ms. Koughlin [sic]:

As per our phone conversation this afternoon, please note that the plaintiff, J. Slotnik Company, is no longer seeking damages under M.G.L. c. 93A, § 11. Ac-

cordingly, please enter a default judgment in the amount of $144,818.00 plus interest and costs.

Thank you.

Sincerely,
/s/ Wendy B. Levine

Judgment By Default (# 8) entered on May 22, 1987.

Rule 55(b), Fed.R.Civ.P., provides:

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by statute of the United States.

In my Report and Recommendation, I noted the fact that the Application By Plaintiff For Judgment By Default (# 6)

had not been served on Clemco's counsel, but I pointed out that there was no requirement that it be served because Clemco had not "appeared in the action."

However, in its motion to reconsider, counsel for Clemco points to cases in which parties have been held to have "appeared in the action" despite never having filed a pleading in court and argues that its actions and the actions of its counsel were such that Clemco had "appeared in the action" and, therefore, should have been served with Slotnik's Application By Plaintiff For Judgment By Default (# 6) on April 22, 1987.

■ Clemco is correct that a party can be found to have "appeared in the action" even if nothing has ever been filed in Court, illogical though that proposition seems to be on its face. As the First Circuit has noted in *Muniz v. Vidal,* 739 F.2d 699 (1 Cir., 1984):

> Although appearance in an action typically involves some presentation or submission to the court—a feature missing from this case—there is strong authority requiring a court to "look beyond the presence or absence of such formal actions to examine other evidence of active representation." *Lutomski v. Panther Valley Coin Exchange,* 653 F.2d 270, 271 (6th Cir.1981) [other citations omitted]. The defaulting party "has appeared" for purposes of this rule, if he has "indicated to the moving party a clear purpose to defend the suit." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d [689] at 691 [D.C.Cir., 1970]. *Id.* at 700.

In all the circumstances, I do not believe that this precedent benefits Clemco.

■ First, in each of the three leading cases, i.e. *Lutomski, H.F. Livermore,* and *Charlton L. Davis & Co. v. Fedder Data Center, Inc.,* 556 F.2d 308 (5 Cir., 1977), cited by the *Muniz* court, as well in *Muniz* itself, the application for a default judgment which had not been served was the *first* pleading filed in the case which made any mention of a default and the only notice which the defendant would have re-

ceived which gave notice of an intent to apply for a default judgment. In the instant case, Clemco had been served in February, 1987 with the Motion Of Plaintiff, J. Slotnik Company For Default Judgment Against Defendant, Clemco Industries (# 3) which "move[d] the Court pursuant to Fed. R.Civ.P. 55 for a default judgment against Clemco Industries ..." and "pray[ed] that the Court enter judgment for it, in the amount of $144,818.00, together with interest, costs and attorney's fees." At the same time, Clemco was served with the Affidavit Of Wendy B. Levine In Support Of Judgment By Default (# 4).

Second, as of the time the further application for judgment by default was filed on April 22, 1989, Clemco was not exhibiting a *clear purpose* to defend the claim. As explained on pages 3–5 of the Report and Recommendation, after March 5, 1987, Clemco did nothing, despite having promised to contact local counsel "early next week," prepare a motion and file an answer as well as a motion to appear *pro hac vice.* Slotnik's counsel waited a month before writing a letter on April 2. No response was forthcoming. Slotnik's counsel waited another three weeks before asking the Court to proceed to enter the default judgment. While I will readily admit that the March 5th letter evidenced a clear purpose, seven weeks went by during which Clemco's counsel did nothing to follow through on his expressed intentions with respect to the lawsuit and failed to respond to another letter from Slotnik's counsel which reminded him that he had not yet filed a motion to remove the default which was outstanding against Clemco. By April 22nd Clemco's counsel's intentions were murky at best. In *Muniz,* the Court noted that "defendants, once informed of the default proceedings, moved promptly to assert their defenses to the claim against them." *Muniz, supra,* 739 F.2d at 701. In the instant case, Clemco did not; in fact, it is entirely reasonable to infer that had the Clerk not sent a copy of the default judgment to Clemco's counsel after it entered on May 22nd, Clemco's counsel would never have responded to Slotnik's Complaint. I note that it was not until June 15, 1987, *three*

*months* after the March 5th promises, that Clemco's counsel made any contact with Slotnik's counsel or the Court. In these circumstances, I do not see that service of the second application for a default judgment was required by Rule 55(a).

Third, Rule 55(b), Fed.R.Civ.P., requires a notice to a party who has "appeared in the action" only when there is an application for judgment pursuant to Rule 55(b)(2), Fed.R.Civ.P. In the instant case, however, the judgment was entered pursuant to Rule 55(b)(1), Fed.R.Civ.P., by the Clerk without a hearing when Slotnik waived its claims under Chapter 93A. The judgment was then entered for the amount sought in the Complaint, which is the *exact* amount sought in Slotnik's motion for default judgment which had been filed and served in February.

In sum, the words of the First Circuit in the case of *Federal Deposit Insurance Corporation v. Francisco Investment Corp.*, 873 F.2d 474 (1 Cir., 1989) best express the reason why Clemco is in the position in which it presently finds itself:

> Upon proper notification of pending action parties must respond diligently, or face the concededly harsh consequences of a judgment resulting not from consideration of the merits, but from the parties' own inaction.

*Id.* at 478.

■ The second issue raised for the first time in the motion for reconsideration is that Clemco was not properly served with process. In a nutshell, Slotnik attempted to serve Clemco by mailing the summons, complaint, a cover letter and two Rule 18–A acknowledgment forms to it by certified mail, return receipt requested. These documents were received by Clemco on or about January 19, 1987. Clemco argues that service has not been properly made upon it. It states that by serving it by mail with an attached Rule 18–A acknowledgment form, Slotnik misled it into believing that service would be effected by mail only if it did not return the Rule 18–A acknowledgement form and that if it did not return the form, Slotnik would have to effect personal service at a later date.

Slotnik asserts that it effected service upon defendant pursuant to Rule 4(c)(2)(C)(i), Fed.R.Civ.P., and in accordance with Rule 4(e), Mass.R.Civ.P., by certified mail, and that Clemco acknowledged service by returning the certified mail receipt.

Rule 4(c)(2)(C), Fed.R.Civ.P., provides in pertinent part as follows:

> A summons and complaint may be served
> ...
> (i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State, or
>
> (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

Clemco argues that when a plaintiff attempts to serve a defendant by mailing the summons, complaint, and two Rule 18–A acknowledgment forms to the defendant, the defendant has no obligation to return the Rule 18–A acknowledgment forms. If the defendant does not return the Rule 18–A acknowledgment forms, no service has been made upon the defendant. Clemco asserts that although Rule 4(c)(2)(C)(i), Fed.R.Civ.P., also allows service of process in a federal court action to be made "pursuant to the law of the State in which the district court is held," plaintiff cannot purport to attempt to serve process by employing the methods provided for by Rule 4(c)(2)(C)(ii), Fed.R.Civ.P., and also claim that if the defendant does not return the Rule 18–A acknowledgment forms, that service was properly made because the documents were sent to defendant by certified

mail. (Clemco's Memorandum in Support of Motion for Reconsideration (# 23), p. 7). In other words, Clemco argues that Slotnik cannot use the methods of service simultaneously.

I need not resolve the issue of whether service of process in this case was sufficient because I find that even if it was insufficient, Clemco has waived any defects in service of process by its failure to raise the issue in its first pleadings filed in this case.

Rule 12(h)(1), Fed.R.Civ.P., provides as follows:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived ... (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

The law in the First Circuit with respect to this issue is, in my opinion, quite clear. Judge Bownes, in the case of *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1 Cir., 1983), wrote that Rules 12 and 15 "provide a strict waiver rule" with respect to a defense of lack of personal jurisdiction, and noted that:

> [i]t is clear under [Rule 12(h)(1) ] that defendants wishing to raise any of these four defenses [i.e., lack of jurisdiction over the person, improper service, insufficiency of process, insufficiency of service of process] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading. [citations omitted] If they fail to do so, the only manner in which to salvage the defense is by an amendment made as a matter of course.

*Id.*

In the instant case, Clemco's first defensive move was an answer submitted with its motion to remove default judgment on June 15, 1987. In the answer, none of the four defenses listed in Rule 12(h)(1), Fed.R. Civ.P., are set forth. There is no question but that an answer is a "responsive pleading."

The answer was served on Slotnik's counsel on June 12, 1987 as evidenced by the certificate of service on the last page of the answer. Rule 15(a), Fed.R.Civ.P., provides as follows:

> (a) *Amendments.* A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time *within 20 days after it is served.*

Emphasis supplied.

An answer is a pleading to which no responsive pleading is permitted. Rule 7(a), Fed.R.Civ.P. Accordingly, Clemco had twenty days after June 12 to amend its answer as a matter of course. However, no amendment was forthcoming during that time period. That leave to amend beyond twenty days of service may be granted by leave of Court does not aid Clemco.

> Although Rule 15(a) also provides for amendments to pleadings by leave of the court and states that "leave will be freely given when justice requires," it follows from the language of Rule 12(h)(1) that this amendment procedure is not available to raise the personal jurisdiction defense.

*Glater v. Eli Lilly & Co., supra,* 712 F.2d at 738.

In the *Glater* case, Judge Bownes notes that Rule 12(h)(1), Fed.R.Civ.P., when read in conjunction with Rule 12(g), Fed.R. Civ.P., provides for waiver only for defenses which were "then available." *Id.* However, this exception to the waiver rule does not aid Clemco. As of June 12, 1987, Clemco's counsel was well aware of the manner in which service was alleged to have been effected upon Clemco by Slotnik. In fact, as an excuse for not answering, Clemco's counsel, not realizing that the Complaint had been served by certified mail, advised Clemco not to acknowledge service on the Form 18-A and await personal service. At least by February 23, 1987, Mr. Becker, Clemco's counsel, knew that the Complaint

had been served by certified mail. *See* Affidavit Of Reuben J. Becker (# 16) at pp. 1–3.

None of the cases cited by Clemco lead to a different result. In the case of *Martinez v. Picker International, Inc.*, 635 F.Supp. 658 (D.P.R., 1986), plaintiffs sought on January 8, 1986 a default judgment alleging that defendant had been served on November 18, 1985, appeared on December 4, 1985 and asked for an extension of time but never thereafter filed an answer. Defendant responded to the motion for a default judgment claiming that service of process was insufficient. Plaintiffs claimed waiver. Judge Cerezo held, quite properly in my view, that a motion for an enlargement of time was not a "responsive pleading, constitut[ing] a 'defensive move' requiring incorporation of the Rule 12 lack of personal jurisdiction or defective service of process so as to preserve them." *Id.* at 659. An answer, such as the one submitted by Clemco in this instant case on June 15, 1987, is a "responsive pleading" constituting a "defensive move." The *Martinez* case is clearly distinguishable on that basis.

In the case of *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278 (5 Cir., 1987), a defendant appealed a District Judge's denial of a motion to vacate a default judgment. The basis of the motion was that the defendant had not been properly served with process. The Court of Appeals affirmed, writing:

> [O]bjections to personal jurisdiction or to service of process must be raised in a timely fashion, i.e., as a party's first pleading in the case, or they are waived. Fed.R.Civ.P. 12(h); *Giannakos v. M/V BRAVO TRADER*, 762 F.2d 1295, 1298 (5th Cir.1985).
>
> [Defendants] never filed a pleading in the case prior to the entry of default judgment. Therefore, it cannot be said that they failed to raise the defense, as required by Rule 12(h), in their first pleading.

*Id.* at 281.

However, the refusal to vacate the default judgment was affirmed because the defendants had, for all intents and purposes,

"through the actions of their counsel, voluntarily appeared in [the] case and waived the defense of insufficiency or failure of the service of process." *Id.* at 281.

The First Circuit followed this line of reasoning in the case of *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994 (1 Cir., 1983). In that case, a third-party defendant, Iberbroker, filed a general appearance through its attorney on May 24, 1974. On May 17, 1978, the third-party plaintiff moved for entry of default judgment. Nine days later, on May 26, 1978, Iberbroker filed a motion to dismiss on the ground that it was not subject to service of process in the District and that it had not been properly served with process. *Id.* at 997. The Court acknowledged that Iberbroker "did not file a motion under Federal Rule of Civil Procedure 12(b) nor a responsive pleading before its motion [to dismiss] of May 26, 1978," but wrote that "it is undisputed that Iberbroker received actual notice of the action" and that "[d]uring the time between Iberbroker's appearance and the motion to dismiss, Iberbroker's counsel attended some thirteen depositions in the case." *Id.*

In these circumstances, the Court held that there had been a waiver even though no responsive pleading or pre-answer motion had been filed. *Id.* This case and the *Broadcast Music* case are plainly inapposite to the case at bar in which an answer was submitted to the Court which did not contain any defense based on lack of personal jurisdiction or improper service.

Lastly, in the case of *U.S. Combustion Systems v. Eastern Metal Products and Fabricators, Inc.*, 112 F.R.D. 685 (M.D.N.C., 1986), a complaint was filed on April 2, 1986. The complaint was delivered to an employee of the defendant who, in turn, gave it to defendant's attorney, who thereupon notified plaintiff's attorney that he considered the service to be invalid. The complaint was not re-served; the parties engaged in settlement negotiations. Settlement negotiations broke down, and plaintiff filed a motion for default judgment which was entered on July 17, 1986. Eleven days later, the defendant moved to set

aside the default. The motion was predicated on the ground that the entry of default was ineffectual since it had not been properly served with process. Magistrate Eliason rejected the plaintiff's argument that the defense had been waived for failure to raise it in an answer or motion because no answer or motion had ever been filed. This distinguishes the *U.S. Combustion* case from the instant case; in the instant case, the motion to remove default was not based on the inadequacy of service of process and the answer submitted with the motion made did not raise improper service as a defense.

In the instant case, waiver has been effected by reason of the plain terms of Rule 12(h)(1), Fed.R.Civ.P. There is no need to consider waiver by implication.

In sum, the new arguments in support of the motion to remove default are without merit. The Report and Recommendation, Etc. (# 21) stands.

## APPENDIX

### REPORT AND RECOMMENDATION ON MOTION OF DEFENDANT, CLEMCO INDUSTRIES, TO REMOVE THE DEFAULT JUDGMENT ENTERED AGAINST IT PURSUANT TO RULE 60(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE (# 13)

ROBERT B. COLLINGS, United States Magistrate.

I RECOMMEND that the Motion Of Defendant, Clemco Industries, To Remove The Default Judgment Entered Against It Pursuant To Rule 60(b) Of The Federal Rules Of Civil Procedure (# 13) be DENIED for the reason that the defendant has failed to demonstrate that the judgment was entered because of "mistake, inadvertence, surprise or excusable neglect."

The Complaint was filed on January 15, 1987. Service was made by certified mail on January 19, 1987. The defendant having failed to answer or otherwise plead, the plaintiff filed on February 19, 1987 a Motion ... For Default Judgment Against Defendant, Clemco Industries (# 3). The motion was served on Clemco Industries. No response having been made to the motion, a Notice of Default was issued on March 4, 1987. A copy of the Notice of Default was mailed to Clemco Industries. However, the defendant did not respond to the Notice. An Application By Plaintiff For Judgment By Default was filed on April 22, 1987. A copy of the Application was not served on Clemco, and, indeed, did not have to be served upon Clemco. Rule 5(a), F.R.Civ.P. Judgment By Default entered on May 22, 1987.

On June 15, 1987, the defendant filed the instant motion; this was the defendant's first pleading in the case.

From the papers, the facts as to what occurred during the nearly six month period between the service of the Complaint on the defendant on January 19, 1987 and the filing of the instant motion on June 15, 1987 seem to be undisputed.

Tad Tassone of Clemco received the copy of the summons and complaint together with a Form 18–A (Notice and Acknowledgement) and a separate form dealing with consent to trial before a Magistrate on January 19, 1987. A few days later, Mr. Tassone telephoned Reuben J. Becker, Clemco's attorney, and informed him that the documents had been received. Mr. Tassone did not tell Mr. Becker that the documents had been received by certified mail, and, evidently, Mr. Becker did not ask. Mr. Becker advised Mr. Tassone not to sign the Notice and Acknowledgement and to send the forms to him. Mr. Tassone did so.

Among the documents Mr. Tassone sent was a cover letter which plainly indicated that the documents had been sent by certified mail. Mr. Becker admits receiving this cover letter but he did not "review" it "as it was not discussed in my communications with Mr. Tassone."

Based on his review of the documents which Mr. Tassone had specifically mentioned, i.e. the summons, complaint, Notice and Acknowledgement and consent form, but not the correspondence from plaintiff's attorney which accompanied the forms, Mr. Becker advised Clemco that it could ignore the complaint and summons until such time

as they were properly served or respond to what had already been received. Evidently, Clemco chose the former.

Mr. Becker states that he heard nothing thereafter until "... my client was notified of the entry of default judgment on or about February 23, 1987." Because a default was not issued until March 4 and a default judgment was not entered until May 22, the Court assumes that Mr. Becker is referring to plaintiff's motion for default judgment which was filed on February 19. The defendant does not admit or deny receiving the Court's March 4 Notice of Default, although the original of the Notice contains the notation that it was mailed to "Clemco Industries".

Mr. Becker thereupon called plaintiff's counsel in Boston "... in order to solicit their cooperation in setting the default aside." Plaintiff's counsel said that she would assent to a motion to remove the default if Clemco could demonstrate some meritorious defenses to the plaintiff's claims. On February 26, Mr. Becker wrote to plaintiff's counsel noting possible defenses. On March 5, in a telephone conversation, Mr. Becker and plaintiff's counsel agreed that the plaintiff would not oppose a motion seeking to set aside the default even though plaintiff's counsel had doubts as to whether or not the asserted defenses were meritorious. On March 5, Mr. Becker sent a letter to plaintiff's counsel which stated, in pertinent part, as follows:

This letter will confirm the substance of our telephone conversation yesterday, March 4, 1987 regarding the present default of record in the captioned matter. It is my understanding that having reviewed my letter of February 26, 1987 (although you do not necessarily agree on the strength of our proposed defenses to the complaint) your firm will not oppose our motion to set aside the default and that I may so represent this fact to the court in our moving papers.

In this regard, we will be contacting Massachusetts counsel early next week in order to work out details of bringing a motion and filing an answer. I anticipate that a motion will be prepared and

filed with Silberman & Becker appearing pro hac vice within the next two calendar weeks.

Further in this regard, once the default judgment has been set aside, I agree with you that it would be in our client's best interest to have a complete review of all the relevant facts and documents and a frank exchange with respect thereto before any formal discovery in this case is undertaken.

Exhibit K to Memorandum, Etc. (# 14)

When almost another month had gone by and neither plaintiff's counsel nor the Court had received any communications from the defendant, plaintiff's counsel wrote Mr. Becker another letter on April 2 which stated:

As you have not yet brought your motion, we suggest that Clemco reconsider settling this matter before launching into the litigation. Enclosed are copies of documents from our files which evidence Clemco's cooperation in Slotnik's winning bid. Also enclosed is a copy of the *Loranger* case, clearly describing the law on this matter. Given the provable facts, we question the existence of a meritorious defense.

Exhibit L to Memorandum, Etc. (# 14)

No response to this letter was forthcoming. Plaintiff's counsel, assuming that the defendant had decided to "ignore" the claim, applied for a default judgment on April 22 and Judgment By Default entered on May 22.

In his affidavit, Mr. Becker indicates no reason why nothing was done between March 5 and the receipt of plaintiff's counsel's April 2 letter. However, after receipt of the April 2 letter, he avers that:

Because of other pressing matters, I requested my partner, Arthur L. Silberman, to review the documents forwarded by Ms. Menken [plaintiff's counsel] and research the applicability of the case cited by Ms. Menken as authority for plaintiff's position. Mr. Silberman reviewed the documents and case law and called Ms. Menken on May 21, 1987 to dispute the applicability of the case cited by Ms. Menken. Mr. Silberman was advised

that plaintiff had sought a default judgment because Ms. Menken's letter had not been responded to promptly. Attorney Silberman immediately retained Massachusetts counsel.

Affidavit, Etc. (# 16).

The only possible basis for setting aside the default judgment on these facts is excusable neglect. There was no mistake, inadvertence or surprise. Although the initial failure to respond may have been due to "excusable neglect" on the part of Mr. Becker in not inquiring as to the method of service and/or in not reading all the documents which his client sent to him, there is no excuse for the neglect of the defendant to retain Massachusetts counsel and move to remove the default after the March 4 telephone conversation. At that time, Mr. Becker received word from plaintiff's counsel that a motion to remove the default would not be opposed. Mr. Becker thereupon represented to plaintiff's counsel that a Massachusetts attorney would be retained and a motion to remove the default would be filed within two calendar weeks. After that, nothing happened. There were no intervening settlement talks because Mr. Becker had taken the position that he would not talk settlement until the default had been removed. This put plaintiff's attorney in the impossible position of not having a clue as to what the defendant's actual intentions were with respect to plaintiff's claims. It is to be recalled that plaintiff was entitled to receive a response to the summons within twenty days of service.

A defendant cannot obtain a plaintiff's assurance that a motion to remove a default will not be opposed and then do nothing. Once notified of the entry of default, defendant was under an obligation to move expeditiously to remove the default. There certainly was expeditious movement during the eleven-day period from February 23 to March 5. However, after that, neglect set in. On this record, such neglect can in no way be characterized as excusable.

The parties are hereby advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *United States v. Vega*, 678 F.2d 376, 378–379 (1 Cir., 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983). *See also, Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

July 15, 1987.