**SIMON HOLDINGS PLC GROUP OF COMPANIES U.K., a United Kingdom Company, and Vacations U.S.A., Inc., a Florida corporation, Plaintiffs,**

v.

**Hans Joachim KLENZ, a non-resident alien and citizen of Germany, and Fun–Tours, a sole-proprietorship under the laws of Germany, Defendants.**

No. 94–761–Civ–Orl–22.

United States District Court,
M.D. Florida,
Orlando Division.

Feb. 2, 1995.

Joseph C. Mason, Jr., Anne S. Mason, Mason & Associates, P.A., Mangrove Bay, Clearwater, FL, for plaintiffs.

John M. Owens, Law Office of John M. Owens, Cologne, Germany, for defendants.

*ORDER*

CONWAY, District Judge.

This cause comes before the Court on Plaintiffs' Motion for Preliminary Injunction (Dkt. 3) and Defendants' Motion to Dismiss

for Lack of Jurisdiction of the Subject Matter (Dkt. 27).

## I.  INTRODUCTION

Plaintiffs Simon Holdings PLC Group of Companies U.K. ("Simon Holdings") and Vacations U.S.A., Inc. initiated the instant action by filing with the Court a breach of contract claim against the Defendants, Hans Joachim Klenz and Fun–Tours.  The Defendants moved to dismiss the claim based on lack of subject-matter jurisdiction.  The Plaintiffs, in their response to the motion to dismiss, concede that the motion to dismiss should be granted, but request leave to amend the jurisdictional allegations in the Complaint.

## II.  ISSUE

The issue before the Court is whether a foreign-chartered corporation, with its principal place of business in a State of the United States, may be diverse for jurisdictional purposes from another alien.

## III.  STATEMENT OF FACTS

Simon Holdings is a private company incorporated under the laws of the United Kingdom.  Vacations U.S.A., Inc. is a Florida corporation with its principal place of business in Florida.

Hans Joachim Klenz is a non-resident alien and citizen of Germany.  Fun Tours is a sole-proprietorship under the laws of Germany.

Plaintiffs bring suit against the Defendants under common law and contract law theories.  Plaintiffs assert that jurisdiction is founded upon diversity of citizenship.  Plaintiffs do not assert that jurisdiction may also be based on the existence of a federal question, and it does not appear from the Complaint that the Plaintiffs bring any causes of action arising under federal law.

The Defendants filed their motion to dismiss on the ground that there is not the required diversity of citizenship between the parties.  The Defendants point out that Plaintiff Simon Holdings is an alien, since it is a company incorporated in the United Kingdom, that the Defendants are both aliens, and that federal courts may not exercise diversity jurisdiction where there are aliens on both sides of the litigation.  Case law from a number of federal circuits support the Defendants on this point.  *See, e.g., Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir.1989); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295 (5th Cir.1985); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 (2d Cir.1980).

The Plaintiffs now request the Court to allow leave to amend their jurisdictional allegations.  The amendment which the Plaintiffs desire to make is that Simon Holdings has its principal place of business in Florida.  The Plaintiffs contend that diversity jurisdiction may exist, even when there are aliens on both sides of the case, if one alien's principal place of business is in the United States.

## IV.  ANALYSIS

Federal district courts have "alienage" jurisdiction in actions between citizens of a State and citizens of foreign states.  28 U.S.C. § 1332(a)(2) (1994).  In order to maintain an action in federal court based on "alienage" jurisdiction, there must be complete diversity of citizenship between all the plaintiffs and all the defendants.  *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir.1989).  Complete diversity does not exist where there are aliens on both sides of the litigation.  *Cabalceta*, 883 F.2d at 1557 (citation omitted); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir.1985) (citation omitted).  This is so even if the aliens are from different countries.  *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 477 F.Supp. 615, 617 (S.D.N.Y.1979) (citation omitted).

For purposes of determining whether diversity jurisdiction exists, a corporation is a citizen of the State in which it is incorporated and the State in which it has its principal place of business.[1]  28 U.S.C. § 1332(c)(1)

---

1.  The following example illustrates how this notion of dual citizenship for corporations affects the complete diversity requirement for federal diversity jurisdiction:  "[W]hen a corporation incorporated in Delaware and having its principal place of business in Ohio is a party to a suit,

(1994). The Eleventh Circuit has applied this provision to alien corporations. *Vareka Investments, N.V. v. American Investment Properties, Inc.*, 724 F.2d 907, 909–10 (11th Cir.1984) (citation omitted) (alien corporation is a citizen for diversity purposes of the State where it has its principal place of business).

It is an unsettled question whether an alien corporation with its principal place of business in the United States can be diverse to another alien for jurisdictional purposes. The Court finds that the greater weight of authority and more persuasive arguments favor a finding that diversity jurisdiction does not exist under these circumstances.

### A. Decisions from Sister Courts and Circuits

No less than two appellate courts and a handful of district courts have concluded that aliens on both sides of a case destroys diversity, even where one of the aliens is a corporation with its principal place of business in the United States.

In *Hercules Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101 (S.D.N.Y.1976), the court observed that section 1332(c) creates a system of dual citizenship, in which a corporation is a citizen of both the state of incorporation and the state in which it has its principal place of business. A corporation could not choose one citizenship or the other in order to create diversity jurisdiction. The court found that diversity jurisdiction would therefore be lacking where an alien corporation with its principal place of business in state A is adverse to either an alien or a resident of state A. *Hercules*, 71 F.R.D. at 107. The court observed that this rule was consistent with the avowed purpose of section 1332(c), namely the narrowing of circumstances in which diversity jurisdiction exists. *Id.* at 106–7.

The Second Circuit cited the *Hercules* case in *International Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388 (2d Cir.1989). There, the Second Circuit reiterated its position that a foreign-chartered corporation remains an alien corporation under section 1332, even if its principal place of business is

in a State in the United States. *Hydra Offshore*, 875 F.2d at 392. The Second Circuit rejected the argument that diversity jurisdiction exists where there are aliens on both sides, even where one of the aliens has its principal place of business in New York.

The Fifth Circuit has also held that diversity jurisdiction does not lie in suits between an individual alien and a foreign-chartered corporation with its principal place of business in a State of the United States. In *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148 (5th Cir.1985), citizens of Singapore sued two corporations, one of which was a Liberian corporation with its principal place of business in New Jersey.

In holding that diversity jurisdiction could not be invoked, the Fifth Circuit noted the effect of section 1332(c) on domestic corporations:

> The Act *does not give an option* to a plaintiff of treating a corporation as a citizen *either* of the state of incorporation *or* of the state where its principal place of business is located. The Act treats a corporation as a citizen of the state where it has its principal place of business *as well as* the state of incorporation.

*Chick Kam Choo*, 764 F.2d at 1152 (emphasis supplied), *quoting Canton v. Angelina Casualty Co.*, 279 F.2d 553, 554 (5th Cir.1960). The panel noted that this principle applies not only to domestic but also to alien corporations. *Chick Kam Choo*, 764 F.2d at 1152. The court concluded that the Liberian corporation was both an alien and a New Jersey citizen for jurisdictional purposes, and consequently was not diverse to the alien plaintiffs.

These decisions by the Second and Fifth Circuits have been cited with approval in two recent district court cases. *See Pancan Int'l Management Consultants, Inc., v. STS Microscan, Inc.*, 848 F.Supp. 1321 (E.D.Mich. 1993); *Rouhi v. Harza Engineering Co.*, 785 F.Supp. 1290 (N.D.Ill.1992).

Only one district court that considered and discussed the applicable law has found that

diversity is lacking if any adverse party is a citizen of either Delaware or Ohio." 13B Charles A. Wright, Arthur R. Miller & Edward H.

Cooper, Federal Practice and Procedure § 3624 (1984).

alienage jurisdiction exists where there are aliens on both sides and one of the aliens is a corporation with its principal place of business in the United States of America. In *Trans World Hosp. Supplies Ltd. v. Hospital Corp. of America,* 542 F.Supp. 869 (M.D.Tenn.1982), the Plaintiff, an alien, sought to add as a defendant an alien corporation with its principal place of business in the United States. The *Trans World* court found that where an alien sues a foreign-chartered but locally based corporation, the dual citizenship of the alien corporation should not deny the alien access to the federal courts to avoid local bias. *Trans World,* 542 F.Supp. at 878–9. The court noted that the policy underlying diversity jurisdiction is that a party should be free of local bias in the state courts. The foreign-chartered corporation with its domestic principal place of business is essentially a local enterprise and would not suffer local prejudice against it in the state courts. In fact, its local presence might even result in a bias towards it. Whereas the alien would be exposed to the risk of local prejudice that diversity jurisdiction was intended to prevent. The court thus found that recognizing diversity jurisdiction under these circumstances furthered the underlying policy of diversity jurisdiction.

### B. *Case at Bar*

█ The Court finds that complete diversity is lacking in the present case, and therefore grants the motion to dismiss. The Court agrees with prior decisions holding that alien and domestic corporations should be treated equally under applicable diversity principles. Thus a foreign-chartered corporation with its principal place of business in a State in the United States has two citizenships for diversity purposes—one alien, the other, citizenship of the State in which the

corporation has its principal place of business.[2]

In the present case, Plaintiff Simon Holdings is a private company incorporated in the United Kingdom. Plaintiffs wish to allege that Simon Holdings has its principal place of business in Florida. Assuming *arguendo* that this allegation is made, Simon Holdings is both an alien and a Florida citizen for purposes of diversity jurisdiction. The Defendants in this case are both aliens. Consequently the requisite diversity of citizenship does not exist for the Court to maintain jurisdiction over this action.

### V. *CONCLUSION*

The Court finds that diversity jurisdiction does not exist where a foreign-chartered corporation with its principal place of business in the United States is on the opposing side of litigation from another alien.

█ The Plaintiffs seek leave to amend their Complaint for the purpose of identifying Florida as the principal place of business of Simon Holdings. Leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (1994). However, a court may deny such a request if the proposed amendment would be ineffectual because it could not withstand a motion to dismiss. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

In the present case, the request to amend the Complaint would be futile because the proposed Complaint would not survive a motion to dismiss. Plaintiffs' proposed Amend-

---

**2.** In so finding, the Court does not accept that it has undermined the principles behind diversity jurisdiction by subjecting an alien to local prejudice in state court. The Court notes that many commentators have questioned the continued viability of the policies underlying diversity jurisdiction. *See* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3601 (1984), and sources cited therein.

Moreover, current diversity principles do not protect an outsider against local prejudice in

every instance. Imagine a corporation incorporated in State A with its principal place of business in State B. The corporation sues a citizen of State A in state court in State B over a matter occurring in State B. The citizen of State A may not remove this action from State B court to federal court. This is so, even though in State B the corporation is a local entity and the citizen of State A is an outsider subject to potential prejudice.

ed Complaint could not cure the jurisdictional defect that exists in this case.

Accordingly it is **ORDERED** that Defendants' Motion to Dismiss for Lack of Jurisdiction of the Subject Matter (Dkt. 27) is **GRANTED.** This action is dismissed without prejudice.

It is **FURTHER ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Dkt. 3) is moot.

DONE AND ORDERED.