Marilyn WOODS, Plaintiff,

v.

**GOLDEN TRIANGLE CONVALESCENT CENTER, Defendant.**

No. 1:98–CV–1548.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 17, 1998.

Sid Stover, Seale Stover Coffield & Bisbey, Jasper, TX, for Plaintiff.

Curry Lynn Cooksey, Orgain Bell & Tucker, Beaumont, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER REMANDING CASE TO STATE COURT

SCHELL, Chief Judge.

This matter is before the court on Defendant Golden Triangle Convalescent Center's ("the Center") Motion for Summary Judgment filed on July 24, 1998. Plaintiff Marilyn Woods ("Woods") did not file a response. Upon consideration of the motion and the applicable law, the court is of the opinion that it lacks subject matter jurisdiction and that Plaintiff's state law claim against Defendant should be REMANDED, *sua sponte.*

## I. BACKGROUND

■ Woods was an employee of the Center on June 16, 1997. *See* Def.'s Mot. Summ. J. at 1. On that date, Woods allegedly suffered an injury when a door to an attic fell upon her while she attempted to lift a patient. *See* Pl.'s Orig. Pet. at 2. The Center is a nonsubscriber under the Texas Worker's Compensation Act, but provides an Employee Health and Safety Program Benefit Plan (the "Plan") to its employees. The Plan provides benefits for job-related injuries in exchange for a waiver of an employee's right to sue the Center, its officers, directors, shareholders, agents, and employees for any claims arising out of or related to employment. Woods[1] elected to participate in the Plan and, thereby, agreed to the waiver. *See*

Def.'s Mot. Summ. J. at Ex. A. After the alleged injury occurred, Woods notified the Center of her injury and received salary and medical benefits under the Plan. *See id.* at 2; *id.* at Ex. B (Miller Aff.).

Despite the Plan and the waiver, Plaintiff filed suit against Defendant on March 18, 1998, in the 172nd Judicial District Court of Jefferson County, Texas. Plaintiff served her original petition on March 23, 1998. Defendant filed and served its answer on April 13, 1998. On April 14, 1998, Defendant filed its notice of removal. Plaintiff moved to remand on April 27, 1998, and Defendant filed its response on May 14, 1998. The court denied Plaintiff's Motion to Remand on May 26, 1998. In that motion, the only issue raised was whether Woods elected to participate in the Center's alleged ERISA plan. The court found that Woods had elected to participate because of uncontroverted evidence indicating Woods's election.

Further review of this case, however, mandates a reconsideration of the remand issue. "United States District Courts ... have the responsibility to consider the question of subject matter jurisdiction *sua sponte* ... and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir.1985). In its notice of removal, the Center asserts that the Plan qualifies as an employee benefit plan as defined under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. *See* Notice of Removal at 2. As such, Defendant claims federal question jurisdiction and preemption of state law claims through 28 U.S.C. § 1331 and 29 U.S.C. § 1144(a), respectively. *See id.*

## II. ANALYSIS

ERISA contains a preemption clause which states, in pertinent part: "[T]he provisions of this title ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 U.S.C. § 1003(a)] and not exempt under section 4(b)

---

1. The actual signatures on the Center's Election to Participate in the Employee Safety Benefit Program form and on the Center's Employee Acknowledgement Form state "Marilyn May-

field." *See* Def.'s Mot. Summ. J. at Ex. A, at 2. Marilyn Mayfield and Marilyn Woods are the same individual. *See* Pl.'s Mot. Remand at Ex. A (Woods Aff.).

[29 U.S.C. § 1003(b) ].'' 29 U.S.C. § 1144(a). "The Supreme Court has adopted a broad construction of [§ 1144], holding that 'ERISA's civil enforcement remedies were intended to be exclusive' in order to prevent the remedies available to ERISA beneficiaries from being 'supplemented or supplanted by varying state laws.'" *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir.1992) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 55–56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). Under this broad construction, "a state law relates to a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985) (internal quotations omitted).

■ In short, the determination of whether ERISA preempts a state law claim requires a two-part inquiry. First, the factfinder must determine whether the benefit plan at issue constitutes an ERISA plan. Second, if the plan is an ERISA plan, then the fact-finder must determine whether the state law claims relate to the plan. If the state law claims relate to an ERISA plan, such claims are preempted by ERISA.

■ The existence of an ERISA plan is a question of fact. *See McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 235 (5th Cir.1995), *cert. denied*, 516 U.S. 1174, 116 S.Ct. 1267, 134 L.Ed.2d 214 (1996). "ERISA applies to any employee benefit plan if it is established or maintained by an employer or an employee organization engaged in commerce or in any industry or activity affecting commerce." *Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240 (5th Cir.1990). An employee benefit plan is defined under ERISA as

> any plan, fund, or program which was ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits ....

29 U.S.C. § 1002(1). Such an ERISA plan exists "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits," *Memorial Hosp. System*, 904 F.2d at 240 (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982)), and the plan does not fall under ERISA's safe-harbor provisions. *See McDonald*, 60 F.3d at 236. Further, if the employer contributes to the benefits plan, the safe-harbor provisions do not apply. *See id.* at 236 & n. 7 (citing 29 C.F.R. § 2510.3–1(j)).

In the present case, neither party has adequately addressed whether the Plan is an ERISA benefit plan. While undisputed evidence does indicate that the Center through the Plan paid benefits to Woods, *see* Def.'s Mot. Summ. J. at Ex. B (Miller Aff.), the Center has not offered any evidence directly defining (1) those persons potentially covered as beneficiaries under the Plan, (2) the Plan's intended benefits, (3) procedures for receiving such benefits, nor (4) the Plan's source of financing. There appears to be a Summary Plan Description, which may address these concerns, but it has not been offered into evidence.

■ Nonetheless, even if the Plan is an ERISA plan, the Fifth Circuit has held that a common law negligence claim which alleges only that an employer failed to maintain a safe workplace does not relate to an ERISA plan. *See Hook v. Morrison Milling Co.*, 38 F.3d 776, 786 (5th Cir.1994); *see also Texas Health Enters., Inc. v. Reece*, 44 F.3d 243 (5th Cir.1994). Unlike various other state law claims, Woods's negligence claim is not premised on the existence of a pension plan. Her claim only affects her employer/employee relationship and not her administrator/beneficiary relationship with the Center. *See id.* at 783. Woods is not seeking benefits from the Plan nor attacking the Center as a fiduciary. Her only cause of action concerns the Center's negligence in maintaining safe working conditions. *See* Pl.'s Orig. Pet. at 2. Woods's negligence claim would exist whether or not the Center had the Plan. *See Hook*, 38 F.3d at 782. "ERISA's preemptive scope may be broad but it does not reach claims

that do not involve the administration of plans, even though the plan may be a party to the suit or the claim relies on the details of the plan." *Hook,* 38 F.3d at 784.

Moreover, despite the Center's inclusion of a waiver that implicates the Plan in Woods's negligence claim, this does not amount to ERISA preemption. A negligence claim "does not 'relate to' an ERISA plan merely because the employer has inserted a waiver of the right to bring such a claim into its ERISA plan." *See id.* at 786. The *Hook* court found that "focusing on the waiver ... turns ERISA preemption analysis on its head." *Hook,* 38 F.3d at 785. The appropriate inquiry in such an analysis is whether Woods's state law claim relates to an ERISA plan, and not whether a waiver, as part of a plan, relates to her negligence claim. *See id.* Otherwise, employers would be able "to avoid *any* state law simply by referring to that law in its ERISA plan." *Id.*

### III. CONCLUSION

Because no federal preemption exists in the present case, the removal was improper. Such a finding deprives a court of subject matter jurisdiction and "obliges a remand under the terms of § 1447(c)." *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). Section 1447(c) clearly states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Thus, pursuant to 28 U.S.C. § 1447(c) and for the reasons discussed previously, the court hereby ORDERS that this matter be REMANDED to the 172nd Judicial District Court, Jefferson County, Texas.